FILED BY FAX

2009 MAR 26  AM 10: 19

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF COURT
SANTA ANA CALIF.

BY:_____
SDM

1 | **CLARK & MARKHAM LLP**
David R. Markham (State Bar No. 071814)
2 | R. Craig Clark (State Bar No. 129219)
James M. Treglio (State Bar No. 228077)
3 | 600 "B" Street, Suite 2130
San Diego, CA 92101
4 | Telephone: (619) 239-1321
Facsimile: (619) 239-5888
5 |
6 | **LAW OFFICES OF BARRON E. RAMOS**
Attorney at Law, A Professional Corporation
Barron E. Ramos (State Bar No. 179620)
7 | 132 N. El Camino Real, # 303
Encinitas, California 92024
8 | Telephone: (760) 274-6438
Facsimile: (760) 994-1354
9 |
10 | Attorneys for Plaintiffs and the Class
*Additional Counsel on the Signature Page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAIDEE ESTRELLA, an individual, and WILLIAM RYAN CROSLEY, an individual, on behalf of themselves and all others similarly situated, and on behalf of the general public, | Case No.: SAC09-189 DOC (ANx) |
| | **CLASS ACTION** |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES, VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE** |
| v. | |
| FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability company; FREEDOM DEBT RELIEF, INC., a California corporation; FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company; GLOBAL CLIENT SOLUTIONS, LLC; ROCKY MOUNTAIN BANK AND TRUST; ANDREW HOUSSER; and BRADFORD STROH and DOES 1 through 100, | |
| | **JURY TRIAL DEMAND** |
| Defendants. | |

1

1   Plaintiffs HAIDEE ESTRELLA and WILLIAM CROSLEY ("Plaintiffs"), on

2   behalf of themselves and on behalf of all persons similarly situated and on behalf of

3   the general public allege the following on information on belief:

## I.

## INTRODUCTION

6   1.    This is a class action lawsuit brought by Plaintiffs, the debtor customer

7   of Defendants Debt Resolution Partners, LLC; Freedom Debt Relief, Inc. and

8   Freedom Debt Relief, LLC, aka Freedom Debt Relief and FDR; Global Client

9   Solutions, LLC; Rocky Mountain Bank and Trust; Andrew Housser; and Bradford

10  Stroh  (collectively the " FOUR PARTNERS and TWO CHIEF EXECUTIVE

11  OFFICERS" or "Defendants").  Plaintiffs seek to represent a class of debtors that

12  have purchased regulated debt management services from the FOUR PARTNERS

13  and TWO CHIEF EXECUTIVE OFFICERS.

14  2.    Plaintiffs allege that the FOUR PARTNERS and TWO CHIEF

15  EXECUTIVE OFFICERS operate an elaborate scheme to defraud debtors that are

16  drowning in credit card and unsecured debt.  By masquerading as unregulated debt

17  settlement negotiators, the FOUR PARTNERS, under the direction of Chief

18  Executive Officers Housser and Stroh, attempt to escape strict state consumer

19  protection regulations enacted to protect unknowing debtors.  The illegal scheme is

20  more fully explained in the May 29, 2008 State of California Desist and Refrain

21  Order issued against FDR, Housser, Stroh and other related entities. (*See* California

22  Desist and Refrain Order, Exhibit A attached and referred to herein).

23  3.    Plaintiffs allege that the services sold by the FOUR PARTNERS and

24  TWO CHIEF EXECUTIVE OFFICERS are regulated under the Check Sellers, Bill

25  Payers, and Proraters Law found in sections 12000 *et seq.* of the California Financial

26  Code (the "CSBPPL")

27

28

2

FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS
PRACTICES,  VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE
CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE

1    4.    Plaintiffs allege that the FOUR PARTNERS and TWO CHIEF

2  EXECUTIVE OFFICERS have violated numerous provisions of the CSBPPL by,

3  among other things, attempting to collect fees in excess of the maximum fees that are

4  permitted under California Financial Code Section 12314 and by operating without a

5  valid license issued by the Department of Corporations. Plaintiffs also allege that

6  defendants have violated the Credit Repair Organization Act (CROA), 15 U.S.C. §

7  1679, *et. seq.* Plaintiffs allege that Defendants' contracts with Plaintiffs and other

8  similarly situated clients are void under Section 12316 of the California Financial

9  Code. Plaintiffs seek relief for these violations under Business & Professions Code

10  Section 17200, *et seq.* and the California Consumer Legal Remedies Act.

**II.**

**JURISDICTION & VENUE**

13    5.    Jurisdiction and venue are proper within this judicial district because (i)

14  Defendants transacts substantial business in this county, (ii) plaintiff, HAIDEE

15  ESTRELLA, with whom Defendants contracted, resides in this county, and (iii) the

16  agreement entered into between Defendants and plaintiffs was executed in this

17  county.

18    6.    Debt Resolution Partners, LLC attempts to stipulate that any

19  controversy, claim or dispute between the parties, including the termination of the

20  scope or applicability to arbitrate, shall be determined by arbitration.

21    7.    As plead herein, defendants' agreements with the Plaintiff and putative

22  class members are void in their entirety and, as such, the arbitration provision is

23  unenforceable. Additionally, the arbitration provision as drafted, is unconscionable

24  under California law.

25    8.    Specifically, California Financial Code Section 12000 provides that:

> "No persona shall engage in the business, for
> compensation, of selling checks, drafts, money orders or

3

other commercial papers serving the same purpose, or of receiving money as agent of an obligor for the purpose of paying bills, invoices, or accounts of such obligor, or acting as a prorater, nor shall any person, without direct compensation and not as an authorized agent for a utility company, accept money for purpose of forwarding it to others in payment of utility bills, without first obtaining a license from the commissioner."

9.    Financial Code Section 12002.1 defines a "prorater" as

"a person who, for compensation, engages in whole or in part in the business of receiving money or evidences thereof for the purpose of distributing the money or evidences thereof among creditors in payment or partial payment of the obligations of the debtor."

10.    The contractual services provided by the Defendants fall squarely within the definition of a Prorater.  Specifically, the DRP Debt Reduction Agreement provides in part:  "DRP will act as an intermediary between Client and Client's creditors for the express purpose of attempting to negotiate with creditors of Client with the intent of reducing Debts to an amount that will enable Client to pay the reduced balance as full settlement of all debt."  "DRP will inform the Client of the amounts and the terms and conditions of all written settlement agreements." "Beginning on [date] Client agrees to budget $ [amount] per month.  These funds are to be made available each month for transfer into Client's Special Purpose Account ("SPA") [at RMBT], which will be opened by Client per the [GCS] Authorization to Debit Bank Account which is attached with this Agreement.  Funds in Client's [RMBT] SPA will accrue to eventually be used for the settlement of Client's debts and for the payment of DRP's fees.  Funds to be used for settling Client's debts to creditors will be distributed from Client's [RMBT] SPA directly to creditors after each settlement is finalized."  (*See* Crosley DRP Debt Reduction Agreement, Exhibit B attached.)

11.    Despite engaging in the business of a prorater, none of the defendants

4

1  are licensed by the State of California. As such, the defendants' contracts and their

2  unconscionable arbitration provisions are void as a matter of law.

3       12.    Additionally, defendants' contracts violate California Financial Code

4  Section 12314 which sets maximum amounts a prorater can collect from consumers

5  for its service. Specifically the amount is limited as follows:

> "The total charges received by a prorater . . . may not
> exceed in the aggregate twelve percent (12%) for the first
> three thousand dollars ($3,000), eleven percent (11%) for
> the next two thousand dollars ($2,000), and ten percent
> (10%) for any of the remaining payments distributed by a
> prorater to the creditors of a debtor."

     13.    Despite this provision, defendants' contracts require debtors to pay a

"retainer fee" and "service fee" equal to 15% of the "total debt owed" by the client at

the time of executing the contract.

     14.    California Financial Code Section 12316 provides that "if a prorater

contracts for, receives or makes any charge in excess of the maximum permitted by

this division . . . the prorater's contract with the debtor shall be void and the prorater

shall return to the debtor all charges received from the debtor." As such, the

defendants' contracts and their unconscionable arbitration provisions are void as a

matter of law.

     15.    Despite Defendant Debt Resolution Partners, LLC's contractual

attempts to have the Plaintiff subject to arbitration to redress wrongs that the FOUR

PARTNERS and TWO CHIEF EXECUTIVE OFFICERS have committed, the

Plaintiff and the similarly situated putative class members are entitled to the

jurisdiction of this court, and venue in this district.

### III.

### CHOICE OF LAW/VENUE

     16.    Defendants' form adhesion contract for services with plaintiffs and

other members of the class states that "[t]his Agreement is governed by the laws of

5

1   the State of California, without regard to the conflict of law rules of th[e] state [in
2   which the client resides]." Thus, the claims of all members of the class, regardless of
3   where those class members are situated, are governed by the laws of the State of
4   California as to all claims, except for the claim made under the CROA, which is
5   governed by that statute.

6                                        **IV.**

7                                      **PARTIES**

8          17.    Plaintiffs HAIDEE ESTRELLA and WILLIAM CROSLEY are
9   individuals with whom Defendants contracted to provide debt reduction services.
10  Plaintiffs bring this action as individuals, on behalf of a class of similarly situated
11  consumers, and as a private attorney general on behalf of the general public, pursuant
12  to California Business & Professions Code § 17204. The claims of Plaintiffs are
13  typical and representative of the claims of the absent members of the Class in that
14  FDR charged Plaintiffs for Defendants' services in excess of that permitted by
15  California law and while acting without a license to perform the contracted services.
16  The claims are also typical in that Defendants represented to plaintiffs and the class,
17  and continue to represent to consumers, that it provides services designed to alter a
18  consumer's credit report. The Plaintiffs paid Defendants fees for these services and
19  thereby suffered a financial injury for which restitution and/or damages from
20  Defendants are required.

21         18.    Defendant DEBT RESOLUTION PARTNERS, LLC is a Delaware
22  Limited Liability Company with its principal offices located at 4945 S. Wendler
23  Drive, Suite 105, Tempe, AZ 85282. DRP advertises for and does business in the
24  state of California and throughout the United States.

25         19.    Defendants FREEDOM DEBT RELIEF, INC. and FREEDOM DEBT
26  RELIEF, LLC, aka FREEDOM DEBT RELIEF (collectively "FDR"), are business

27                                        6

28  FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS
    PRACTICES, VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE
    CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE

1    entities with their principal offices located at 1875 S. Grant, Suite 400, San Mateo,

2    CA 94402.   FDR advertises for and does business in the state of California and

3    throughout the United States.

4         20.    Defendant GLOBAL CLIENT SOLUTIONS, LLC is a Limited

5    Liability Company with its principal offices located at 9820 E. 41st Street, Suite 400,

6    Tulsa, OK 74146.   GCS advertises for and does business in the state of California

7    and throughout the United States.

8         21.    Defendant ROCKY MOUNTAIN BANK & TRUST is a chartered

9    Colorado state bank with its principal offices located at 101 E. Main St., Florence,

10   CO 81226.   RMBT maintains a branch bank at 755 Cheyenne Meadows Rd.,

11   Colorado Springs, CO 80906, where it houses the Global Client Solutions, LLC

12   Special Purpose Account Operations for Freedom Debt Relief and Debt Resolution

13   Partners, LLC.   GCS advertises for and does business in the state of California and

14   throughout the United States.

15        22.    Defendant ANDREW HOUSSER is an individual, founder and Co-

16   CEO of FDR and DRP with his principal offices located at 1875 S. Grant, Suite 400,

17   San Mateo, CA 94402.   HOUSSER advertises for and does business in the state of

18   California and throughout the United States.

19        23.    Defendant BRADFORD STROH is an individual, founder and Co-CEO

20   of FDR and DRP with his principal offices located at 1875 S. Grant, Suite 400, San

21   Mateo, CA 94402.   STROH advertises for and does business in the state of

22   California and throughout the United States.

23        24.    Except as otherwise provided herein, Plaintiffs seeks restitution on

24   behalf of all persons that have paid a fee to Defendants for debt reduction services

25   during the four years preceding the filing of this complaint and who did not receive a

26   full refund of such charges.

27                                            7

25.    Plaintiffs are unaware of the true names and capacities of the remaining defendants sued in this action by the fictitious names DOES 1 through 100. Plaintiffs will amend their complaint when those names and/or capacities become known to Plaintiffs. Plaintiffs are informed and believe that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

26.    Each of the above named Defendants agreed among themselves and with other third party co-conspirators to engage in a scheme for the purpose of committing the acts alleged herein and increasing the revenues received by each of the Defendants. At all material times herein mentioned, each of the Defendants was the co-conspirator, joint venturer, successor, agent, aider & abettor, alter ego, and/or employee of each of the remaining Defendants and was, at all relevant times, acting within the course and scope of such plan, conspiracy, successorship, joint venture, agency and employment. In doing the things alleged in the causes of actions stated herein each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or their managing agents.

## V.

## SUBSTANTIVE ALLEGATIONS

27.    At all relevant times alleged herein, FDR was and is in the business of providing debt reduction services to consumers. As set forth on FDR's website, www.freedomdebtrelief.com: FDR's "'Debt Reduction Program' is an innovative solution for consumers struggling with large debt burdens and who need debt relief. Freedom Debt Relief uses debt negotiation with a goal of dramatically lowering your

8

1   debt levels."

2        Among other representations on their website, FDR claims the following:

3   *   Be debt free in as little as 12-36 months!

4   *   Lower debts down to as low as 50% of what you owe!

5   *   Service Fee Money Back Guarantee

6   *   Alternative to bankruptcy, debt consolidation or credit counseling

7   *   One Simple Monthly Payment

8        28.    Plaintiff, ESTRELLA, contracted with FDR for debt reduction services

9   on March 27, 2008. As part of the service agreement, FDR required that beginning

10  on April 28, 2008 plaintiffs budget $ 576 per month to be paid into a separate bank

11  account and then used to pay creditors as well as FDR's fees. The agreement

12  specified that plaintiffs would pay "Retainer Fees" of $ 431.11 each month for a

13  period of four (4) months as well as additional "Service Fees" of $ 229.95 each

14  month "until the total Retainer and Service Fees of approximately 15% of debt are

15  paid." Under the agreement, the Retainer Fee was to equal 5% of the debt and the

16  Service Fee equal to 10% of the debt.

17       29.    After about two (2) months of payments into the FDR account, plaintiffs

18  decided to end her relationship with FDR and cancel the agreement. FDR did not

19  refund any of the monies it collected from plaintiff.

20       30.    Plaintiff, CROSLEY, entered into a Debt Reduction Agreement with

21  Defendant Debt Resolution Partners, LLC on or about February 14, 2008 as

22  described herein. The contract was initiated by John Lehmann, Senior Debt

23  Consultant, with Freedom Debt Relief with a monthly draft start date of February 22,

24  2008 in the amount of $1,860 for 35.9 estimated months. After Crosley paid over

25  $16,000 into the DRP SPA account at RMBT he sought to cancel his relationship

26  with defendants. (*See* Exhibit B.) To date, no funds have been returned to Crosley

27

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS
PRACTICES, VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE
CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE

1 by Defendants.

2   31.   On or about May 29, 2008, the Commissioner of the California
3 Department of Corporations found that FDR was engaging in business as a bill payer
4 or prorater as defined in the Check Sellers, Bill Payers and Proraters Law, and that
5 FDR was doing so without a license.  The Commissioner also found that FDR was
6 overcharging consumers in violation of California Financial Code sections 12314
7 and 12314.1.  FDR was ordered to cease and desist from engaging in business as a
8 bill payer and prorater unless and until they became licensed or exempt, and also
9 ordered to cease and desist from violating California Financial Code sections 12314
10 and 12314.1.  A copy of that Order is attached hereto as Exhibit A.

11   32.   A prorater is defined in California Financial Code section 12002.1 as
12 follows:

> A prorater is a person who, for compensation, engages in
> whole or in part in the business of receiving money or
> evidences thereof for the purpose of distributing the money
> or evidences thereof among creditors in payment or partial
> payment of the obligations of the debtor.

16   33.   California Financial Code section 12200 proscribes acting as a prorater
17 or bill payer without first obtaining a license from the Commissioner:

> No person shall engage in the business, for compensation,
> of selling checks, drafts, money orders, or other
> commercial paper serving the same purpose, or of
> receiving money as agent of an obligor for the purpose of
> paying bills, invoices, or accounts of such obligor, or
> acting as a prorater, nor shall any person, without direct
> compensation and not as an authorized agent for a utility
> company, accept money for the purpose of forwarding it to
> others in payment of utility bills, without first obtaining a
> license from the commissioner.

24   34.   FDR is acting as a bill payer and/or prorater in the performance of its
25 debt reduction services since it is receiving monies for acting as an agent of the
26 consumer for the purpose of paying bills or accounts of that consumer.  Indeed,

27

10

28

1  FDR's own service agreement states plainly that the consumer acknowledges that

2  FDR will be acting as the consumer's "Non-Exclusive Agent and Attorney-In-Fact

3  ..."

4      35.    California Financial Code section 12314 provides as follows:

> The total charges received by a prorater, or any other
> person for the prorater's services, may not exceed in the
> aggregate twelve percent (12%) for the first three thousand
> dollars ($3,000), eleven percent (11%) for the next two
> thousand dollars ($2,000), and ten percent (10%) for any of
> the remaining payments distributed by a prorater to the
> creditors of a debtor, except for payments made on
> recurrent obligations. Recurring obligations shall be
> defined for the purpose of this section as follows: current
> rent payments, current utility payments, current telephone
> bills, current alimony payments, current monthly insurance
> premium payments, and payments made on obligations
> which are secured by a first mortgage or first deed of trust
> on real property.
>
> (a) Notwithstanding the provisions of Section 12315, upon
> compliance with the provisions of Sections 12315.1, and
> 12320, an origination fee of a sum not to exceed fifty
> dollars ($50) may be charged;
>
> (b) A fee not to exceed four dollars ($4) per disbursement
> on recurring obligations, consisting of current rent
> payments or obligations which are secured by a first
> mortgage or first trust deed on real property, may be
> charged.
>
> (c) A fee not to exceed one dollar ($1) on other recurring
> obligations. When a debtor has not canceled or defaulted
> on the performance of his contract with the prorater within
> 12 months after execution of the prorate contract, the
> prorater shall refund any origination fee charged to the
> debtor. At least once each month the prorater shall pay not
> less than 70 percent of all funds received from the debtor to
> the creditors of the debtor.

    36.    FDR violated California Financial Code section 12314 by charging

more than $ 50 as a retainer fee, and by contracting to charge more than twelve

percent (12%) for the first three thousand dollars ($3,000), eleven percent (11%) for

the next two thousand dollars ($2,000), and ten percent (10%) for any of the

<div align="center">11</div>

FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS
PRACTICES, VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE
CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE

1    remaining payments distributed.

2        37.    California Financial Code section 12314.1 provides as follows:

3            A cancellation fee or termination penalty may not be
             charged to a debtor.
4

5        38.    FDR violated California Financial Code section 12314.1 by keeping

6    plaintiffs' monies as a cancellation or termination fee.

7        39.    In addition to providing debt reduction services, FDR also represents to

8    consumers that it will "request that [the consumer's] creditors report to the credit

9    rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or

10   'settled for less than the full amount.'" FDR thus represents to consumers that it will

11   attempt to alter the consumer's credit report as part of FDR's services.

12       40.    The CROA, found at 15 U.S.C. § 1679, et. seq, prohibits a variety of

13   false and misleading statements, as well as fraud by credit repair organizations

14   (CROs).   CROs may not receive payment before any promised service is "fully

15   performed."  Services must be under written contract, which must include a detailed

16   description of the services and contract performance time.  CROs must provide the

17   consumer with a separate written disclosure statement describing the consumer's

18   rights before entering into the contract.  Consumers can sue to recover the greater of

19   the amount paid or actual damages, punitive damages, costs, and attorney's fees for

20   violations of the CROA.

21       41.    As used in the CROA, a CRO under 15 U.S.C. § 1679a:

22           (A)  means any person who uses any instrumentality of
             interstate commerce or the mails to sell, provide, or
23           perform (or represent that such person can or will sell,
             provide, or perform) any service, in return for the payment
24           of money or other valuable consideration, for the express
             or implied purpose of--
25

26           (i)  improving any consumer's credit record, credit history,
             or credit rating; or
27

                                    12

(ii)  providing advice or assistance to any consumer with regard to any activity or service described in clause (i) …

42.    FDR is a CRO because it represents to consumers that it will "request that [the consumer's] creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount.'"

43.    Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by CROs, including:

(a)(1)  make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to--

(A)  any consumer reporting agency (as defined in section 603(f) of this Act);(7) or

(B)  any person--

(i)  who has extended credit to the consumer; or

(ii)  to whom the consumer has applied or is applying for an extension of credit;

…

(b)  Payment in Advance.--No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.

44.    In violation of the CROA, FDR collects its fee in advance of providing any services.  FDR also violates the CROA by requesting that credit bureaus report the consumer's accounts as 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor has received less than full payment and would otherwise report a "charge off" of the remaining balance due or continue to show a

13

sum owing.

# VI.

# CLASS ALLEGATIONS

45.    The relief sought in this complaint is the return of all monies Defendants collected from consumers nationwide in violation of California law and in violation of the CROA.

46.    The persons for whose benefit this case is brought consists of thousands of individuals whose claims, except as to amount of restitution and/or damages, are otherwise identical, in that the amount of charges unlawfully collected by Defendants can be calculated by reference to the payments made by class members to Defendants.   Therefore, the repetitive testimony of each class members at trial would be impracticable, unnecessary and an inefficient use of judicial resources. Moreover, the exhaustive list of consumers that have paid Defendants for debt reduction services is now within the exclusive possession and control of Defendants and is not now known to Plaintiffs, although the list may readily be obtained using statutory discovery procedures.

47.    Plaintiffs seek certification of the following class of consumers: "ALL CONSUMERS NATIONWIDE WHO PAID DEFENDANTS FOR DEBT REDUCTION SERVICES DURING THE FOUR YEARS PRECEDING THE FILING OF THE COMPLAINT." Excluded from the Class are all Defendants and all agents, attorneys, and employees of Defendants; all members of the California judiciary sitting in judgment of this case; and, plaintiffs' attorneys and their employees; and, all other persons within three degrees of consanguinity of the named Defendants, attorneys, employees and judges.

48.    There are questions of law and fact common to all class members which predominate over individual questions.  The common questions include, *inter alia,*

14

the following:

    (a)   Whether FDR was properly licensed during the class period to act as a bill payer or prorater under California Financial Code section 12200;

    (b)   Whether FDR charged retainer fees in excess of that permitted by California Financial Code section 12314;

    (c)   Whether FDR charged service fees in excess of that permitted by California Financial Code section 12314;

    (d)   Whether FDR charged cancellation fees in violation of California Financial Code section 12314.1;

    (e)   Whether FDR violated the CROA by requiring the advance payment of fees; and

    (f)   Whether FDR violated the CROA by representing that it will "request that [the consumer's] creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount.'"

49. There are no material differences in the substantive laws to be applied to the claims of the class members. California law and the CROA are appropriately applied to all claims pursuant to FDR's contract for services.

50. The names and addresses of all class members entitled to restitution and/or damages are ascertainable from the records of FDR and can be obtained in discovery.

51. The representative Plaintiffs were injured and lost money as a result of the acts of FDR, and will fairly and adequately protect the interests of the class and have retained counsel competent and experienced in similar class action litigations and other litigations on behalf of the general public.

52. The conduct of FDR with respect to the collection of fees in violation of

15

California Financial Code sections 12200, 12314 and 12314.1 as more particularly described above, as well as the violations of the CROA, are unlawful, unfair and deceptive business practices within the meaning of California Business and Professions Code Section 17200 et seq. prohibiting such practices. As a result of Defendants' unlawful, unfair and deceptive business practices, Defendants are liable to make restitution of such charges, including interest on the liquidated sum from the date of payment plus interest along with attorneys' fees and costs as determined by the Court. Plaintiffs will amend the Complaint at the time of trial to include additional consumers who are continuing to be subject to Defendants' unfair business practices until such time as the practice has been enjoined. Further, Plaintiffs reserve the right to supplement the restitution award after trial and until an injunction is issued to include additional persons who have been damaged by the unfair business practice of Defendants.

## VII.

## ATTORNEYS' FEES

53. Upon prevailing, Plaintiffs are entitled to an award of attorneys' fees and costs in prosecuting this action against Defendants because:

    (a) A successful outcome is this action will result in the enforcement of important rights affecting the public interest by maintaining the integrity of California institutions that offer debt reduction services nationwide;

    (b) This action will result in a significant benefit by causing the return of monies paid to Defendants by consumers which monies should not have been charged or collected by Defendants, together with interest on those monies;

    (c) This action will result in a significant benefit by preventing one of the largest debt reduction services in California from continuing to engage

16

1    in unlawful, unfair or deceptive conduct from its offices in California;

2    (d)   Unless this action is prosecuted, the general public will not recover

3          those monies, and many members of the general public would not be

4          aware that they were damaged by Defendants' wrongful practices; and,

5    (e)   Unless the attorneys' fees and costs are awarded against Defendants, the

6          general public will not be fully redressed.

7    54.   Plaintiffs are also entitled to an award of attorneys' fees and costs under

8  the CROA which provides for an award of such fees in any successful action brought

9  by a consumer, pursuant to 15 U.S.C. § 1679g.

10                                    **VIII.**

11                               **<u>COUNT ONE</u>**

12    (Unfair Competition – Business & Professions Code Section 17200)

13    55.   Plaintiffs incorporate by reference the all allegations set forth in the

14  preceding paragraphs.

15    56.   California Business and Professions Code Section 17200 prohibits any

16  "unlawful…business act or practice."   Defendants engaged in unlawful acts or

17  practices by, *inter alia*, charging Plaintiffs and other consumers fees in violation of

18  California Financial Code sections 12200, 12314 and 12314.1, by violating the

19  CROA, and by violating the California Department of Corporations' cease and desist

20  Order, all as more particularly described herein.

21    57.   California Business and Professions Code Section 17200 also prohibits

22  any "fraudulent business act or practice." Members of the public were and are likely

23  to be deceived by Defendants' business practices because Defendants do not disclose

24  that they are not licensed to act as a bill payer or prorater.  Consumers are also likely

25  to believe that Defendants may contractually charge their retainer fees and service

26  fees, even though those fees exceed those permitted by law.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS
PRACTICES, VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE
CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE

58.     Business and Professions Code Section 17200 further prohibits any "unfair... business act or practice."    As detailed in the preceding paragraphs, Defendants' scheme has caused and continues to cause injury to unsuspecting consumers.    As a result, Defendants received an unfair competitive advantage through its practices in that Defendants are receiving more money than competitors who comply with California Financial Code sections 12200, 12314 and 12314.1. Moreover, by concealing the fact that it is not properly licensed and that it charges more than permitted by law, Defendants gain an unfair competitive advantage over other services who did not engage in the same deceptive conduct.    As a result, Defendants engaged in unfair business practices prohibited by California Business & professions Code Section 17200, *et seq.*

59.     On or about May 29, 2008, the Commissioner of the California Department of Corporations found that FDR was engaging in business as a bill payer or prorater as defined in the Check Sellers, Bill Payers and Proraters Law, and that FDR was doing so without a license.  The Commissioner also found that FDR was overcharging consumers in violation of California Financial Code sections 12314 and 12314.1.  FDR was ordered to cease and desist from engaging in business as a bill payer and prorater unless and until they became licensed or exempt, and also ordered to cease and desist from violating California Financial Code sections 12314 and 12314.1. Exhibit A.

60.     Notwithstanding the Order to cease and desist its unlawful conduct, FDR continues to engage in business as a prorater without a license and continues to overcharge consumers in violation of CFC sections 12314 and 12314.1.    This continuing violation of the cease and desist Order is an unlawful business practice within the meaning of Business & Professions Code section 17200.

61.     As a result of Defendants' unlawful, deceptive or unfair acts and

18

1  practices, Plaintiffs and members of the Class have been injured in amounts to be

2  proven at trial, and Defendants must be ordered to reimburse these amounts to

3  Plaintiffs and members of the Class.  Defendants, and each of them, furnished the

4  means and otherwise aided and abetted violation of Business & Professions Code

5  section 17200.

6      62.    Plaintiffs were personally victimized by Defendants' scheme and lost

7  money as a result of the scheme.  Plaintiffs have standing to bring this claim for

8  violation of Business & Professions Code because, as set forth hereinabove,

9  Plaintiffs (a) suffered injury in fact as a result of Defendants' conduct, (b) lost money

10 as a result of Defendants' practice, and (c) complies with the requirements of section

11 382 of the Code of Civil Procedure.

12                            **IX.**

13                    **COUNT TWO**

14                  (Violation of the CROA)

15     63.    Plaintiffs incorporate by reference the all allegations set forth in the

16 preceding paragraphs.

17     64.    Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by

18 CROs, including:

19          (a)(1)  make any statement, or counsel or advise any
            consumer to make any statement, which is untrue or
20          misleading (or which, upon the exercise of reasonable care,
            should be known by the credit repair organization, officer,
21          employee, agent, or other person to be untrue or
            misleading) with respect to any consumer's credit
22          worthiness, credit standing, or credit capacity to--

23          (A)  any consumer reporting agency (as defined in section
            603(f) of this Act);(7) or
24
            (B)  any person--
25
            (i)  who has extended credit to the consumer; or
26
            (ii)  to whom the consumer has applied or is applying for
27
                                    19

28

1          an extension of credit;

2          …

3         (b) Payment in Advance.--No credit repair organization
may charge or receive any money or other valuable
4         consideration for the performance of any service which the
credit repair organization has agreed to perform for any
5         consumer before such service is fully performed.

6       65.   In violation of the CROA, Defendants collected fee in advance of

7 providing any services. Defendants also violated the CROA by requesting that credit

8 bureaus report the consumer's accounts as 'settled in full,' 'settled,' 'paid,' or

9 'settled for less than the full amount,' even if the creditor received less than full

10 payment and would otherwise report a "charge off" of the remaining balance due or

11 continue to show a sum owing.

12 <center>**X.**</center>

13 <center>**<u>COUNT THREE</u>**</center>

14 (For Violations of the Consumers Legal Remedies Act, Cal.Civ.Code §§ 1750 *et seq.*)

15       66.   Plaintiffs incorporate by reference the all allegations set forth in the

16 preceding paragraphs.

17       67.   Defendants are "persons" within the meaning of Civil Code §§ 1761(c)

18 and 1770, and sell "services" within the meaning of Civil Code §§ 1761(b) and 1770.

19       68.   Plaintiffs and the Class members are consumers within the meaning of

20 Civil Code § 1761(d).

21       69.   Plaintiffs' purchase of prorater services as sold by Defendants

22 constitutes a transaction within the meaning of Civil Code §§ 1761(e) and 1770.

23       70.   Defendants' conduct violated and continues to violate the CLRA in at

24 least the following respects:

25          a. In violation of section 1770(a)(17) of the CLRA, Defendants

26               inserted an unconscionable provision in a contract.

27 <center>20</center>

28

71.   Defendants engaged in these unfair or deceptive acts and practices with the intent that they result, and which did result, in the sale of prorater services to Plaintiff and the Class.

72.   As a result of Defendants' acts and practices as alleged in this Complaint, Plaintiffs seeks an Order enjoining Defendants from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by law.  More than 30 days prior to the filing of this Amended Complaint plaintiffs provided notice to Defendants pursuant to Civil Code § 1782(a).  Despite receiving this letter, defendants have refused to refund amounts collected from the Class or cease its unlawful business practices.  As such, the Class is entitled to damages under the CLRA .

73.   The conduct of the defendants as alleged herein was fraudulent, oppressive, and done with the intent to harm plaintiff and members of the Class.  As such, plaintiff and the Class are entitled to an award of punitive damages.

## XI.

## COUNT FOUR

### (Negligence)

74.   Plaintiffs incorporate by reference the all allegations set forth in the preceding paragraphs.

75.   Defendants had a duty to contact creditors of the plaintiff and the Class within 5 days of the execution of the defendants' debt reduction agreement and to advise creditors of the minimum monthly payment that the plaintiff intended to pay. (Ca Fin. Code Section 12315.1.)

76.   Plaintiff is informed and believes and, therefore, alleges that defendants breached this duty with respect to plaintiffs and the Class by customarily and regularly failing to contact creditors in a timely fashion and/or otherwise

FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES,  VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE

1   mishandling customer funds.

2       77.   As a result of this breach of duty, plaintiff and the Class have been

3   damaged in amount to be proven at trial.

## PRAYER

5       WHEREFORE, Plaintiffs' and the other members of the Class request

6   judgment against Defendants and each of them as follows:

7   On the first count

8       1.   For restitution and/or disgorgement of all monies collected by

9   defendants in violation of law for the Class and the Plaintiffs, according to proof;

10      2.   For interest at the legal rate of interest on the foregoing sum;

11      3.   For an order declaring the practices of defendants constitute a violation

12  of B&P Code section 17200;

13  On the second count

14      4.   For actual damages, constituting all monies collected by defendants in

15  violation of the CROA for the Class and the Plaintiffs, according to proof, under 15

16  U.S.C. § 1679g;

17      5.   For punitive damages under 15 U.S.C. § 1679g;

18  On the third count

19      6.   For actual damages according to proof;

20      7.   For interest at the legal rate of interest on the foregoing sum;

21      8.   For an order declaring the practices of defendants constitute a violation

22  of the CLRA;

23      9.   For punitive damages;

24  On the fourth count

25      10.   For actual damages according to proof;

26      11.   For interest at the legal rate of interest on the foregoing sum;

27                                    22

28  FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS
    PRACTICES, VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE
    CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE

<u>On all counts</u>

12.   For costs of suit herein incurred;

13.   For reasonable attorneys' fees allowed by law; and

14   For such other further relief as the Court deems just and proper.

Dated: March 25, 2009                    **CLARK & MARKHAM LLP**

By: _____

David R. Markham

LAW OFFICES OF BARRON E. RAMOS
Barron E. Ramos

*Additional Counsel:*

Stuart C. Talley (SBN 180374)
**KERSHAW, CUTTER, & RATINOFF LLP**
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

Charles E. Ames
**CHARLES E. AMES, P.C.**
2712 Timberleaf Drive
Carrolton, Texas 75006
Telephone: (214) 390-8111
Facsimile:  (214) 390-8112

Thomas A. Crosley
**THE CROSLEY LAW FIRM, P.C.**
McCombs Plaza, Suite 250
755 E. Mulberry
San Antonio, Texas 78212
Telephone: (210) 354-4500
Facsimile:  (210) 354-4034

23

FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS
PRACTICES,  VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE
CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE

1

2

3

**DEMAND FOR JURY TRIAL**

4

PLAINTIFFS demand a jury trial on issues triable to a jury.

5

6

7

Dated: March 25, 2009                           **CLARK & MARKHAM LLP**

8

9                                                                By: _____

10                                                                       David R. Markham

11                                                                LAW OFFICES OF BARRON E. RAMOS

12                                                                Barron E. Ramos

13                                                                KERSHAW, CUTTER & RATINOFF LLP

14                                                                Stuart C. Talley

15                                                                CHARLES E. AMES, P.C.

16                                                                Charles E. Ames

17                                                                THE CROSLEY LAW FIRM, P.C.

18                                                                Thomas A. Crosley

19                                                                Attorneys for Plaintiffs

20

21

22

23

24

25

26

27                                                   24

28    FIRST AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS
      PRACTICES,  VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA), VIOLATION OF THE
      CONSUMER LEGAL REMEDIES ACT (CLRA), AND FOR NEGLIGENCE