1 | KEVIN MUCK (CSB NO. 120918)
kmuck@fenwick.com
2 | CHRISTOPHER J. STESKAL (CSB NO. 212297)
csteskal@fenwick.com
3 | JENNIFER BRETAN (CSB NO. 233475)
jbretan@fenwick.com
4 | FENWICK & WEST LLP
555 California Street, 12th Floor
5 | San Francisco, CA 94104
Telephone: (415) 875-2300
6 | Facsimile: (415) 281-1350

7 | Attorneys for Defendants
Freedom Financial Network, LLC, Freedom Debt
8 | Relief, Inc. and Freedom Debt Relief, LLC

FILED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAIDEE ESTRELLA, an individual, and WILLIAM RYAN CROSLEY, an individual, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM FINANCIAL NETWORK, LLC a Delaware limited liability company; FREEDOM DEBT RELIEF, INC., a California corporation; FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company; GLOBAL CLIENT SOLUTIONS, LLC; ROCKY MOUNTAIN BANK AND TRUST; ANDREW HOUSSER; AND BRADFORD STROH and DOES 1 through 100,<br><br>Defendants. | Case No. CV-09-03156 SI<br><br>**STIPULATED [AND PROPOSED] PROTECTIVE ORDER** |

This Stipulated Protective Order is meant to govern the use of, and protect from public disclosure, any non-public and confidential or proprietary information used or disclosed in this litigation.

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and ask this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5, as modified by this Court's Standing Order, sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks to file materials under seal.

2. **DEFINITIONS**

2.1 Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their respective support staff).

2.2 Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under applicable Fed. R. Civ. P. 26(c) standards.

2.4 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: A Party or non-party that produces Disclosure or

1 Discovery Material in this action.

2.6 Designating Party: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential" pursuant to the terms of this Order.

2.8 Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, along with their associated support staff.

2.9 In-House Counsel: Attorneys who are employees of a Party, along with their associated support staff.

2.10 Counsel (without qualifier): Outside Counsel and In-House Counsel (and their associated support staff).

2.11 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes professional jury or trial consultants retained in connection with this litigation.

2.12 Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed

1 by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a
2 Court order otherwise directs.

3     **5.**     **DESIGNATING PROTECTED MATERIAL**

4     5.1     Exercise of Restraint and Care in Designating Material for Protection. Each
5 Party or non-party that designates information or items for protection under this Order must take
6 care to limit any such designation to specific material that qualifies under the appropriate
7 standards. A Designating Party must take care to designate for protection only those parts of
8 material, documents, items, or oral or written communications that qualify such that other
9 portions of the material, documents, items, or communications for which protection is not
10 warranted are not swept unjustifiably within the ambit of this Order.

11     Designations that are shown to be clearly unjustified, or that have been
12 made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development
13 process, or to impose unnecessary expenses and burdens on other parties), expose the Designating
14 Party to sanctions.

15     If it comes to a Party's or a non-party's attention that information or items
16 that it designated for protection do not qualify for protection at all, that Party or non-party must
17 promptly notify all other parties that it is withdrawing the mistaken designation.

18     5.2     Manner and Timing of Designations. Except as otherwise provided in this
19 Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
20 material that qualifies for protection under this Order must be clearly so designated before the
21 material is disclosed or produced.

22     Designation in conformity with this Order requires:

23     (a)     For information in documentary form (apart from transcripts of
24 depositions or other pretrial or trial proceedings): The Producing Party shall affix the legend
25 "CONFIDENTIAL" prominently on each page that contains Protected Material. If only a portion
26 or portions of the material on a page qualifies for protection, the Producing Party also must
27 clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

28     A Party or non-party that makes original documents or materials available

1 for inspection need not designate them for protection until after the inspecting Party has indicated
2 which material it would like copied and produced. During the inspection and before the
3 designation, all of the material made available for inspection shall be deemed
4 "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and
5 produced, the Producing Party must determine which documents, or portions thereof, qualify for
6 protection under this Order, then, before producing the specified documents, the Producing Party
7 must affix the appropriate legend ("CONFIDENTIAL") prominently on each page that contains
8 Protected Material. If only a portion or portions of the material on a page qualifies for protection,
9 the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making
10 appropriate markings in the margins).

11         (b)     <u>For testimony given in deposition or in other pretrial or trial</u>
12 <u>proceedings</u>: The Party or non-party offering or sponsoring the testimony shall identify on the
13 record, before the close of the deposition, hearing, or other proceeding, all protected testimony.
14 When it is impractical to identify separately each portion of testimony that is entitled to
15 protection, and when it appears that substantial portions of the testimony may qualify for
16 protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the
17 record (before the deposition or proceeding is concluded) a right to have up to 20 days after
18 receipt of the transcript of the testimony in which to identify the specific portions of the testimony
19 as to which protection is claimed. Only those portions of the testimony that are appropriately
20 designated for protection within the 20 days shall be covered by the provisions of this Order.

21         Transcript pages containing Protected Material must be separately bound
22 by the court reporter, who must affix prominently on each such page the legend
23 "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or
24 presenting the testimony.

25         (c)     <u>For information produced in some form other than documentary,</u>
26 <u>and for any other tangible items</u>: The Producing Party shall affix in a prominent place on the
27 exterior of the container or containers in which the information or item is stored the legend
28 "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing

Party, to the extent practicable, shall identify the protected portions.

    (d) <u>For information requiring production in native or non-documentary electronic form</u> (*e.g.*, a database): By its nature, certain electronic information is impracticable to designate for confidentiality on a documentary or item by item basis. In such instances, the Producing Party shall therefore affix in a prominent place on the exterior of the container or containers in which the electronic information is stored or transmitted (*e.g.*, a physical CD-ROM or hard disk drive) the legend "CONFIDENTIAL." The Receiving Party shall mark any documents it prints from such designated files "CONFIDENTIAL" and treat them as such, in accordance with the provisions of this Order.

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is promptly and appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the

circumstances and to either change the designation or explain the basis for standing on the chosen designation in a timely manner. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, which process is not to exceed 15 days.

6.3     Judicial Intervention. After the 15 day period to meet and confer has elapsed, a Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

1         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

        (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

        (b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (d)    the Court and its personnel;

        (e)    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

        (g)    the author of the document or the original source of the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as

STIPULATED PROTECTIVE ORDER        7        CASE NO. CV-09-03156 SI

"CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to the terms of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, as modified by this Court's Standing Order, which sets forth the procedures that must be followed and reflects the standards that will be applied when a Party

seeks to file materials under seal.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even materials containing Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

## 12. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

If Discovery Material or other information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable claim of privilege or immunity is inadvertently produced or otherwise disclosed to any other Party or non-party, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such Discovery Material or other information. Discovery Material or other information subject to a claim of privilege or immunity must be returned as soon as it is discovered, without any need to show the production was inadvertent. The Receiving Party shall not use the inadvertently produced Discovery Material or other information for any purpose other than in connection with a motion to compel in this matter.

Upon request by the Producing Party pursuant to this Section, the Receiving Party shall immediately return all copies of such document(s) or thing(s) and shall destroy any newly created derivative document such as a summary or comment on the inadvertently produced information. The Receiving Party may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose any Discovery Material or other information for which a claim of privilege or immunity is made pursuant to this Section for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court.

### 13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered this Order.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated: November 30, 2009                FENWICK & WEST LLP

                                           By: /s/ Kevin P. Muck
                                               Kevin P. Muck

                                           Attorneys for Defendants
                                           FREEDOM FINANCIAL NETWORK, LLC,
                                           FREEDOM DEBT RELIEF, INC. and FREEDOM
                                           DEBT RELIEF, LLC

8  Dated: November 30, 2009                LAW OFFICES OF ALLEN RUBY

                                           By: /s/ Allen Ruby
                                               Allen Ruby

                                           Attorneys for Defendants
                                           BRADFORD STROH and ANDREW HOUSSER

13 Dated: November 24, 2009                CLARK & MARKHAM LLP
                                           LAW OFFICES OF BARRON E. RAMOS
                                           KERSHAW, CUTTER, & RATINOFF LLP
                                           CHARLES E. AMES, P.C.
                                           THE CROSLEY LAW FIRM, P.C.

                                           By: /s/ Barron E. Ramos
                                               Attorney

                                           Attorneys for Plaintiffs HAIDEE ESTRELLA and
                                           WILLIAM RYAN CROSLEY

20 Dated: November 27, 2009                GREENSPOON MARDER, P.A.

                                           By: /s/ Richard W. Epstein
                                               Richard W. Epstein

                                           Attorneys for Defendants GLOBAL CLIENT
                                           SOLUTIONS, LLC & ROCKY MOUNTAIN
                                           BANK & TRUST

STIPULATED PROTECTIVE ORDER          11          CASE NO. CV-09-03156 SI

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November __, 2009                FENWICK & WEST LLP

                                        By: _____
                                            Kevin P. Muck

                                        Attorneys for Defendants
                                        FREEDOM FINANCIAL NETWORK, LLC,
                                        FREEDOM DEBT RELIEF, INC. and FREEDOM
                                        DEBT RELIEF, LLC

Dated: November 30, 2009                LAW OFFICES OF ALLEN RUBY

                                        By: /s/ Allen Ruby
                                            Allen Ruby

                                        Attorneys for Defendants
                                        BRADFORD STROH and ANDREW HOUSSER

Dated: November __, 2009                CLARK & MARKHAM LLP
                                        LAW OFFICES OF BARRON E. RAMOS
                                        KERSHAW, CUTTER, & RATINOFF LLP
                                        CHARLES E. AMES, P.C.
                                        THE CROSLEY LAW FIRM, P.C.

                                        By: _____
                                            Attorney

                                        Attorneys for Plaintiffs HAIDEE ESTRELLA and
                                        WILLIAM RYAN CROSLEY

Dated: November __, 2009                GREENSPOON MARDER, P.A.

                                        By: _____
                                            Richard W. Epstein

                                        Attorneys for Defendants GLOBAL CLIENT
                                        SOLUTIONS, LLC & ROCKY MOUNTAIN
                                        BANK & TRUST

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated: November __, 2009    FENWICK & WEST LLP

3

4                              By: _____
                                   Kevin P. Muck

5
                               Attorneys for Defendants
6                              FREEDOM FINANCIAL NETWORK, LLC,
                               FREEDOM DEBT RELIEF, INC. and FREEDOM
7                              DEBT RELIEF, LLC

8  Dated: November __, 2009    LAW OFFICES OF ALLEN RUBY

9
                               By: _____
10                                 Allen Ruby

11                             Attorneys for Defendants
12                             BRADFORD STROH and ANDREW HOUSSER

13 Dated: November 2\, 2009    CLARK & MARKHAM LLP
                               LAW OFFICES OF BARRON E. RAMOS
14                             KERSHAW, CUTTER, & RATINOFF LLP
                               CHARLES E. AMES, P.C.
15                             THE CROSLEY LAW FIRM, P.C.

16
                               By: _____
17                                 Attorney

18                             Attorneys for Plaintiffs HAIDEE ESTRELLA and
19                             WILLIAM RYAN CROSLEY

20 Dated: November __, 2009    GREENSPOON MARDER, P.A.

21
                               By: _____
22                                 Richard W. Epstein

23                             Attorneys for Defendants GLOBAL CLIENT
                               SOLUTIONS, LLC & ROCKY MOUNTAIN
24                             BANK & TRUST

25

26

27

28

STIPULATED PROTECTIVE ORDER         11            CASE NO. CV-09-03156 SI

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated: November __, 2009                FENWICK & WEST LLP

3
                                           By: _____
4                                               Kevin P. Muck

5
                                           Attorneys for Defendants
6                                          FREEDOM FINANCIAL NETWORK, LLC,
                                           FREEDOM DEBT RELIEF, INC. and FREEDOM
7                                          DEBT RELIEF, LLC

8  Dated: November __, 2009                LAW OFFICES OF ALLEN RUBY

9
                                           By: _____
10                                              Allen Ruby

11
                                           Attorneys for Defendants
12                                         BRADFORD STROH and ANDREW HOUSSER

13 Dated: November __, 2009                CLARK & MARKHAM LLP
                                           LAW OFFICES OF BARRON E. RAMOS
14                                         KERSHAW, CUTTER, & RATINOFF LLP
                                           CHARLES E. AMES, P.C.
15                                         THE CROSLEY LAW FIRM, P.C.

16
                                           By: _____
17                                              Attorney

18
                                           Attorneys for Plaintiffs HAIDEE ESTRELLA and
19                                         WILLIAM RYAN CROSLEY

20 Dated: November 27, 2009                GREENSPOON MARDER, P.A.

21
                                           By: _____
22                                              Richard W. Epstein

23                                         Attorneys for Defendants GLOBAL CLIENT
                                           SOLUTIONS, LLC & ROCKY MOUNTAIN
24                                         BANK & TRUST

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1     The parties having agreed to a Stipulated Protective Order governing the treatment of
2 confidential materials in this matter and the inadvertent disclosure of privilege materials,
3 therefore:

5 PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

7 Dated: 12/1/09

                                                  SUSAN ILLSTON
                                                  United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Estrella v. Freedom Financial Network, LLC et al.*, Case No. CV-09-03156-SI. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**PROOF OF SERVICE**

The undersigned certifies and declares as follows:

I am a citizen of the United States and employed in the City and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, California 94104. On November 30, 2009, I served a copy of the following document(s):

- **STIPULATED [AND PROPOSED] PROTECTIVE ORDER**

on the interested parties in the subject action by:

(1) electronic service pursuant to General Order No. 45 and Local Rule 5-4, I hereby certify that the above documents were uploaded to the ECF Website and the ECF Webmaster will give e-mail notification to all registered parties; and,

(2) by placing the document(s) listed above in a sealed envelope for collection and mailing following ordinary business practices. I am readily familiar with ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid, by placing a true copy thereof as indicated below, addressed as follows:

Thomas A. Crosley, Esq.
The Crosley Law Firm, P.C.
McCombs Plaza, Suite 250
755 East Mulberry
San Antonio, TX 78212
Telephone: (210) 354-4500
Facsimile: (210) 354-4034

Charles E. Ames, Esq.
Charles E. Ames, P.C.
2712 Timberleaf Drive
Carrolton, TX 75006
Telephone: (214) 390-8111
Facsimile: (214) 390-8112

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Date: November 30, 2009

Kathi de Leon

PROOF OF SERVICE                                    CASE NO. CV-09-03156 SI