



DENIED
Judge Susan Illston

December 7, 2009

**VIA ECF AND OVERNIGHT MAIL**

The Honorable Susan Illston
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Ave.
Courtroom 10, 19th Floor
San Francisco, CA 94102

      Re:    Haidee Estrella, et al. v. Debt Resolution Partners, LLC, et al.
              Case No. 09-03156 SI

Dear Judge Illston:

      We are writing to request an adjustment to the schedule in the above referenced matter. Specifically, plaintiffs seek an extension of the deadline for filing their class certification brief for a period of two months. As explained below, there is good cause for this adjustment.

      This is a class action lawsuit against various debt relief entities. Plaintiffs allege that the defendants' advertising is false and misleading and that their contracts violate several provisions of the California Financial Code. The case was originally filed in the Central District of California and, after defendants moved for change of venue, it was transferred to your court on July 13, 2009.

      On or about October 1, 2009, counsel for the parties engaged in a Rule 26 conference for the purpose of discussing scheduling and discovery. Prior to the conference, plaintiffs' counsel sent defendants their document demand and 30(b)(6) notices so that the discussions concerning scheduling could be informed by the discovery that was going to take place. At the conclusion of the conference, defense counsel suggested that the schedule require plaintiffs to file their Motion for Class Certification by December 22, 2009. Plaintiffs opposed this proposal arguing that it did not provide sufficient time for plaintiffs to conduct discovery. At no time during our Rule 26 conference did defense counsel advise us how many documents it intended to produce in response to our document demand.

      On October 23, 2009, Your Honor conducted a scheduling conference in chambers to discuss the parties' proposed schedule. Following this conference, Your Honor set a schedule requiring plaintiffs to file their Motion for Class Certification on January 29, 2010. At no time during this scheduling conference did defense counsel provided any indication of how many documents it intended to produce in response to plaintiff's document demand.

The Honorable Susan Illston
December 7, 2009
Page 2

On December 2, 2010, I traveled to the office for Freedom Debt Relief's counsel to inspect documents it was producing in response to our document demand. At the inspection I was surprised to see 17 full sized bankers boxes and 5 red wells filled with documents. I was then advised that this was not even Freedom Debt Relief's complete production and that 2 and 5 additional boxes would be produced shortly. Additionally, the defendants, Global Client Solutions and Rocky Mountain Bank, have not yet produced any documents. I have been advised by their counsel that I can expect somewhere between 1-2 additional boxes of documents from these entities. Based on my review of the documents by Freedom Debt Relief, I estimate that there will be a total of somewhere between 35 and 65 thousand pages of documents produced by the defendants.

Given this vast volume of documents, it will simply be impossible to adequately review them prior to the court's deadline for filing our class certification brief or prior to deposing any of the defendant's 30(b)(6) witnesses. In fact, it would take a lawyer reviewing 1,000 pages a day at least three months to review all the documents produced by the defendants.

On December 3, 2010, I asked defense counsel to stipulate to a two-month extension on the deadline for filing class certification briefs. Plaintiffs believe that this will allow plaintiffs sufficient time to review the bulk of the documents produced by the defendants prior to the 30(b)(6) depositions and prior to filing their class certification brief. Defense counsel refused to stipulate to an extension arguing that further delay would somehow increase its litigation costs. Instead, the defendants agreed to provide plaintiffs with a two-week extension. Attached hereto is the defendant's response to my request.

With this letter, plaintiffs respectfully request that the court extend the deadline for plaintiff to file their class certification brief for a period of two months. If such an extension is not granted, plaintiffs will be severely prejudiced in their ability to adequately prepare for the upcoming 30(b)(6) depositions or to present complete factual evidence to the court in its class certification brief. Moreover, contrary to the defendants' argument, an extension will not result in any prejudice or increased costs to the defendants.

        Very truly yours,

        KERSHAW, CUTTER & RATINOFF LLP

        STUART C. TALLEY,
        Attorneys for Plaintiffs

SCT/la
Encl.

**From:** Kevin Muck [mailto:KMuck@Fenwick.com]
**Sent:** Monday, December 07, 2009 9:44 AM
**To:** Stuart Talley
**Cc:** ruby@allenrubylaw.com; Richard.Epstein@gmlaw.com; Jennifer Bretan
**Subject:** FW: Freedom Debt Relief

Stuart,

I am responding to your email below. We cannot agree to your proposal to delay class certification by an additional two months. You will recall that the current schedule was set after discussion with Judge Illston, and after we had expressed the view that plaintiffs -- who brought this case nearly one year ago, and who have filed multiple pleadings alleging that they can meet the requirements for class certification -- should be prepared to move forward with that process more promptly. Our concern is that lengthy additional delays will result in further unwarranted costs.

Indeed, we responded expeditiously to the discovery plaintiffs propounded in order to streamline the process and avoid unnecessary expense. We provided written responses to your document requests before they were due, and spent considerable time over the last several weeks working to get you virtually all of the documents you had requested well in advance of the anticipated deposition dates, even though many of the requested documents have no apparent relevance to class certification. We did so because we have no interest in spending time or money on discovery disputes. To the extent that the quantity of documents is larger than you anticipated, that's a function of the breadth of your requests. In any event, given that plaintiffs are represented by four different firms, reviewing the quantity of documents that we are producing in time for depositions should not present any insuperable obstacle.

Having said all of that, we are mindful of the fact that the holidays can present scheduling challenges. In light of that, we would be willing -- reluctantly -- to extend the various deadlines by two weeks. If you are amenable to that compromise, please prepare a stipulation and proposed order to that effect and send it to us.

On the subject of scheduling, I would also like to remind you that we have offered several dates (Dec. 16 or 17) for the 30(b)(6) deposition of Freedom Debt Relief, LLC, and are still waiting to hear back from you on that. As you can appreciate, we cannot keep those dates open indefinitely. If we are unable to proceed with the deposition next week, it will be necessary to schedule it for some time in January.

**FENWICK & WEST LLP**

**KEVIN P. MUCK**
Fenwick & West LLP
555 California Street
12th Floor
San Francisco, CA 94104
   (415) 875-2384
   (415) 281-1350
   kmuck@fenwick.com

**From:** Stuart Talley [mailto:stalley@kcrlegal.com]

12/7/2009

**Sent:** Thursday, December 03, 2009 8:41 AM
**To:** aruby@allenrubylaw.com; Jennifer Bretan; Richard.Epstein@gmlaw.com
**Subject:** Freedom Debt Relief

Dear Counsel:
Yesterday I inspected the documents being produced by Freedom Debt Relief in response to our request for production of documents. At the inspection, 17 full sized bankers boxes and 5 red wells were produced. We have been advised that this is not the complete production and that between 2 and 5 additional boxes of documents will be produced shortly. Additionally, we are expecting at least one additional box of documents from Global Client Solutions and Rocky Mountain Bank. Based on the documents that had been bate stamped, it appears that there are somewhere between 2 and 3 thousand pages of documents in each box. Therefore, we estimate that there will be somewhere between 35 to 65 thousand pages of documents that will have to be reviewed prior to our upcoming 30(b)(6) depositions and prior to the filing our class certification brief.

Given this vast volume of documents, it appears that it will be impossible to adequately review the documents and still meet the court's deadline for filing our class certification brief. As such, we propose moving the deadline for our class certification brief to March 31, 2010 and schedule the 30(b)(6) depositions for dates early March. We believe this will give us sufficient time to review the documents that have just been produced and will hopefully ease the difficulty associated with scheduling depositions over the holidays.

Please let us know right away if you are amenable to adjusting the schedule and, if you are, we will immediately circulate a stipulation for your review. If you would like to discuss this issue further, please feel free to give us a call.


**Stuart Talley**
stalley@kcrlegal.com
401 Watt Ave.
Sacramento, California 95864
Phone 1-916-448-9800
Fax 1-916-669-4499
http://www.kcrlegal.com


KERSHAW CUTTER & RATINOFF LLP

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Kershaw, Cutter, & Ratinoff LLP, which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact us immediately at 916-448-9800.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy