**KERSHAW, CUTTER & RATINOFF, LLP**
Stuart C. Talley (State Bar No. 180374)
Email: stalley@kcrlegal.com
401 Watt Avenue
Sacramento, California  95864
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIDEE ESTRELLA, an individual, and ANGELICA ARITA, an individual, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability company; FREEDOM DEBT RELIEF, INC., a California corporation; FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company; GLOBAL CLIENT SOLUTIONS, LLC; ROCKY MOUNTAIN BANK AND TRUST; ANDREW HOUSSER; and BRADFORD STROH and DOES 1 through 100,<br><br>Defendants. | Case No. 09-03156 SI<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES AND FOR VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA)**<br><br>**JURY TRIAL DEMAND** |

Plaintiffs HAIDEE ESTRELLA and ANGELICA ARITA ("Plaintiffs"), on behalf of themselves and on behalf of all persons similarly situated and on behalf of the general public allege the following on information on belief:

1

SECOND AMENDED CLASS ACTION COMPLAINT          CASE NO. 09-03156 SI

## I.

## INTRODUCTION

1. This is a class action lawsuit brought by Plaintiffs, the debtor customer of Defendants Debt Resolution Partners, LLC; Freedom Debt Relief, Inc. and Freedom Debt Relief, LLC, aka Freedom Debt Relief and FDR; Global Client Solutions, LLC; Rocky Mountain Bank and Trust; Andrew Housser; and Bradford Stroh (collectively the " FOUR PARTNERS and TWO CHIEF EXECUTIVE OFFICERS" or "Defendants"). Plaintiffs seek to represent a class of debtors that have purchased regulated debt management services from the FOUR PARTNERS and TWO CHIEF EXECUTIVE OFFICERS.

2. Plaintiffs allege that the FOUR PARTNERS and TWO CHIEF EXECUTIVE OFFICERS operate an elaborate scheme to defraud debtors that are drowning in credit card and unsecured debt. By masquerading as unregulated debt settlement negotiators, the FOUR PARTNERS, under the direction of Chief Executive Officers Housser and Stroh, attempt to escape strict state consumer protection regulations enacted to protect unknowing debtors. The illegal scheme is more fully explained in the May 29, 2008 State of California Desist and Refrain Order issued against FDR, Housser, Stroh and other related entities. (S*ee* California Desist and Refrain Order, Exhibit A attached and referred to herein.)

3. Plaintiffs allege that the services sold by the FOUR PARTNERS and TWO CHIEF EXECUTIVE OFFICERS are regulated under the Check Sellers, Bill Payers, and Proraters Law found in sections 12000 *et seq*. of the California Financial Code (the "CSBPPL").

4. Plaintiffs allege that the FOUR PARTNERS and TWO CHIEF EXECUTIVE OFFICERS have violated numerous provisions of the CSBPPL by, among other things, attempting to collect fees in excess of the maximum fees that are permitted under California Financial Code Section 12314 and by operating without a valid license issued by the Department of Corporations. Plaintiffs also allege that defendants have violated the Credit Repair Organization Act (CROA), 15 U.S.C. § 1679, *et. seq*. Plaintiffs allege that Defendants' contracts with Plaintiffs and other similarly situated clients are void under Section 12316 of the California Financial Code. Plaintiffs seek relief for these violations under Business & Professions Code Section 17200, *et seq*. and the

California Consumer Legal Remedies Act.

## II.

## JURISDICTION & VENUE

5. Jurisdiction and venue are proper within this judicial district because (i) Defendants transacts substantial business in this county, (ii) plaintiff, HAIDEE ESTRELLA, with whom Defendants contracted, resides in this county, and (iii) the agreement entered into between Defendants and plaintiffs was executed in this county.

6. Debt Resolution Partners, LLC attempts to stipulate that any controversy, claim or dispute between the parties, including the termination of the scope or applicability to arbitrate, shall be determined by arbitration.

7. As plead herein, defendants' agreements with the Plaintiff and putative class members are <u>void</u> in their entirety and, as such, the arbitration provision is unenforceable. Additionally, the arbitration provision as drafted, is unconscionable under California law.

8. Specifically, California Financial Code Section 12000 provides that:

> "No persona shall engage in the business, for compensation, of selling checks, drafts, money orders or other commercial papers serving the same purpose, or of receiving money as agent of an obligor for the purpose of paying bills, invoices, or accounts of such obligor, or acting as a prorater, nor shall any person, without direct compensation and not as an authorized agent for a utility company, accept money for purpose of forwarding it to others in payment of utility bills, without first obtaining a license from the commissioner."

9. Financial Code Section 12002.1 defines a "prorater" as

> "a person who, for compensation, engages in whole or in part in the business of receiving money or evidences thereof for the purpose of distributing the money or evidences thereof among creditors in payment or partial payment of the obligations of the debtor."

10. The contractual services provided by the Defendants fall squarely within the definition of a Prorater. Specifically, the DRP Debt Reduction Agreement provides in part: "DRP will act as an intermediary between Client and Client's creditors for the express purpose of attempting to negotiate with creditors of Client with the intent of reducing Debts to an amount that will enable Client to pay the reduced balance as full settlement of all debt." "DRP will inform

1  the Client of the amounts and the terms and conditions of all written settlement agreements."
2  "Beginning on [date] Client agrees to budget $ [amount] per month. These funds are to be made
3  available each month for transfer into Client's Special Purpose Account ("SPA") [at RMBT],
4  which will be opened by Client per the [GCS] Authorization to Debit Bank Account which is
5  attached with this Agreement. Funds in Client's [RMBT] SPA will accrue to eventually be used
6  for the settlement of Client's debts and for the payment of DRP's fees. Funds to be used for
7  settling Client's debts to creditors will be distributed from Client's [RMBT] SPA directly to
8  creditors after each settlement is finalized."

9        11.     Despite engaging in the business of a prorater, none of the defendants are licensed
10  by the State of California. As such, the defendants' contracts and their unconscionable arbitration
11  provisions are void as a matter of law.

12        12.     Additionally, defendants' contracts violate California Financial Code Section 12314
13  which sets maximum amounts a prorater can collect from consumers for its service. Specifically
14  the amount is limited as follows:

15             "The total charges received by a prorater . . . may not exceed in the
           aggregate twelve percent (12%) for the first three thousand dollars
16             ($3,000), eleven percent (11%) for the next two thousand dollars
           ($2,000), and ten percent (10%) for any of the remaining payments
17             distributed by a prorater to the creditors of a debtor."

18        13.     Despite this provision, defendants' contracts require debtors to pay a "retainer fee"
19  and "service fee" equal to 15% of the "total debt owed" by the client at the time of executing the
20  contract.

21        14.     California Financial Code Section 12316 provides that "if a prorater contracts for,
22  receives or makes any charge in excess of the maximum permitted by this division . . . the
23  prorater's contract with the debtor shall be void and the prorater shall return to the debtor all
24  charges received from the debtor." As such, the defendants' contracts and their unconscionable
25  arbitration provisions are void as a matter of law.

26        15.     Despite Defendant Debt Resolution Partners, LLC's contractual attempts to have the
27  Plaintiff subject to arbitration to redress wrongs that the FOUR PARTNERS and TWO CHIEF
28  EXECUTIVE OFFICERS have committed, the Plaintiff and the similarly situated putative class

members are entitled to the jurisdiction of this court, and venue in this district.

## III.

## CHOICE OF LAW/VENUE

16. Defendants' form adhesion contract for services with plaintiffs and other members of the class states that "[t]his Agreement is governed by the laws of the State of California, without regard to the conflict of law rules of th[e] state [in which the client resides]." Thus, the claims of all members of the class, regardless of where those class members are situated, are governed by the laws of the State of California as to all claims, except for the claim made under the CROA, which is governed by that statute.

## IV.

## PARTIES

17. Plaintiffs HAIDEE ESTRELLA and ANGELICA ARITA are individuals with whom Defendants contracted to provide debt reduction services. Plaintiffs bring this action as individuals, on behalf of a class of similarly situated consumers, and as a private attorney general on behalf of the general public, pursuant to California Business & Professions Code § 17204. The claims of Plaintiffs are typical and representative of the claims of the absent members of the Class in that FDR charged Plaintiffs for Defendants' services in excess of that permitted by California law and while acting without a license to perform the contracted services. The claims are also typical in that Defendants represented to plaintiffs and the class, and continue to represent to consumers, that it provides services designed to alter a consumer's credit report. The Plaintiffs paid Defendants fees for these services and thereby suffered a financial injury for which restitution and/or damages from Defendants are required.

18. Defendant DEBT RESOLUTION PARTNERS, LLC is a Delaware Limited Liability Company with its principal offices located at 4945 S. Wendler Drive, Suite 105, Tempe, AZ 85282. DRP advertises for and does business in the state of California and throughout the United States.

19. Defendants FREEDOM DEBT RELIEF, INC. and FREEDOM DEBT RELIEF, LLC, aka FREEDOM DEBT RELIEF (collectively "FDR"), are business entities with

1  their principal offices located at 1875 S. Grant, Suite 400, San Mateo, CA 94402.  FDR advertises
2  for and does business in the state of California and throughout the United States.

3      20.    Defendant GLOBAL CLIENT SOLUTIONS, LLC is a Limited Liability Company
4  with its principal offices located at 9820 E. 41st Street, Suite 400, Tulsa, OK 74146.  GCS
5  advertises for and does business in the state of California and throughout the United States.

6      21.    Defendant ROCKY MOUNTAIN BANK & TRUST is a chartered Colorado state
7  bank with its principal offices located at 101 E. Main St., Florence, CO 81226.  RMBT maintains a
8  branch bank at 755 Cheyenne Meadows Rd., Colorado Springs, CO 80906, where it houses the
9  Global Client Solutions, LLC Special Purpose Account Operations for Freedom Debt Relief and
10 Debt Resolution Partners, LLC.  GCS advertises for and does business in the state of California and
11 throughout the United States.

12     22.    Defendant ANDREW HOUSSER is an individual, founder and Co-CEO of FDR
13 and DRP with his principal offices located at 1875 S. Grant, Suite 400, San Mateo, CA 94402.
14 HOUSSER advertises for and does business in the state of California and throughout the United
15 States.

16     23.    Defendant BRADFORD STROH is an individual, founder and Co-CEO of FDR and
17 DRP with his principal offices located at 1875 S. Grant, Suite 400, San Mateo, CA 94402.  STROH
18 advertises for and does business in the state of California and throughout the United States.

19     24.    Except as otherwise provided herein, Plaintiffs seeks restitution on behalf of all
20 persons that have paid a fee to Defendants for debt reduction services during the four years
21 preceding the filing of this complaint and who did not receive a full refund of such charges.

22     25.    Plaintiffs are unaware of the true names and capacities of the remaining defendants
23 sued in this action by the fictitious names DOES 1 through 100.  Plaintiffs will amend their
24 complaint when those names and/or capacities become known to Plaintiffs.  Plaintiffs are informed
25 and believe that each of the fictitiously named defendants is in some manner responsible for the
26 events and allegations set forth in this complaint.

27     26.    Each of the above named Defendants agreed among themselves and with other third
28 party co-conspirators to engage in a scheme for the purpose of committing the acts alleged

1 herein and increasing the revenues received by each of the Defendants.  At all material times herein
2 mentioned, each of the Defendants was the co-conspirator, joint venturer, successor, agent, aider &
3 abettor, alter ego, and/or employee of each of the remaining Defendants and was, at all relevant
4 times, acting within the course and scope of such plan, conspiracy, successorship, joint venture,
5 agency and employment.  In doing the things alleged in the causes of actions stated herein each and
6 every defendant was acting within the course and scope of this agency or employment and was
7 acting with the consent, permission and authorization of each of the remaining Defendants.  All
8 actions of each Defendant as alleged in the causes of action stated herein were ratified and
9 approved by every other defendant or their officers or their managing agents.

## V.

## SUBSTANTIVE ALLEGATIONS

27.  At all relevant times alleged herein, FDR was and is in the business of providing debt reduction services to consumers.  As set forth on FDR's website, www.freedomdebtrelief.com: FDR's "'Debt Reduction Program' is an innovative solution for consumers struggling with large debt burdens and who need debt relief.  Freedom Debt Relief uses debt negotiation with a goal of dramatically lowering your debt levels."

Among other representations on their website, FDR claims the following:

* Be debt free in as little as 12-36 months!
* Lower debts down to as low as 50% of what you owe!
* Service Fee Money Back Guarantee
* Alternative to bankruptcy, debt consolidation or credit counseling
* One Simple Monthly Payment

28.  Plaintiff, ESTRELLA, contracted with FDR for debt reduction services on March 27, 2008.  As part of the service agreement, FDR required that beginning on April 28, 2008 plaintiffs budget $ 576 per month to be paid into a separate bank account and then used to pay creditors as well as FDR's fees.  The agreement specified that plaintiffs would pay "Retainer Fees" of $ 431.11 each month for a period of four (4) months as well as additional "Service Fees" of $ 229.95 each month "until the total Retainer and Service Fees of approximately 15% of debt are

1  paid." Under the agreement, the Retainer Fee was to equal 5% of the debt and the Service Fee
2  equal to 10% of the debt.

3      29. After about two (2) months of payments into the FDR account, plaintiffs decided to
4  end her relationship with FDR and cancel the agreement. FDR did not refund any of the monies it
5  collected from plaintiff.

6      30. Plaintiff, ARITA, entered into a Debt Reduction Agreement with Defendant Debt
7  Resolution Partners, LLC on or about June, 2008 as described herein. The contract provided that
8  funds would be withdrawn from her checking accounting on monthly basis in the amount of $435
9  and that defendants would attempt to resolve her debt. The defendants estaimated that the time
10 necessary to resolve her debt would be 36. After ARITA paid over $4,350 into the DRP SPA
11 account at RMBT she discovered that defendants had done nothing to resolve her debt. She,
12 therefore, sought to cancel her relationship with defendants and requested a return of all funds
13 collected by defendants. To date, no funds have been returned to ARITA by Defendants.

14     31. On or about May 29, 2008, the Commissioner of the California Department of
15 Corporations found that FDR was engaging in business as a bill payer or prorater as defined in the
16 Check Sellers, Bill Payers and Proraters Law, and that FDR was doing so without a license. The
17 Commissioner also found that FDR was overcharging consumers in violation of California
18 Financial Code sections 12314 and 12314.1. FDR was ordered to cease and desist from engaging
19 in business as a bill payer and prorater unless and until they became licensed or exempt, and also
20 ordered to cease and desist from violating California Financial Code sections 12314 and 12314.1.
21 A copy of that Order is attached hereto as Exhibit A.

22     32. A prorater is defined in California Financial Code section 12002.1 as follows:

> A prorater is a person who, for compensation, engages in whole or in part in the business of receiving money or evidences thereof for the purpose of distributing the money or evidences thereof among creditors in payment or partial payment of the obligations of the debtor.

26     33. California Financial Code section 12200 proscribes acting as a prorater or bill payer
27 without first obtaining a license from the Commissioner:

28

8

SECOND AMENDED CLASS ACTION COMPLAINT     CASE NO. 09-03156 SI

> No person shall engage in the business, for compensation, of selling checks, drafts, money orders, or other commercial paper serving the same purpose, or of receiving money as agent of an obligor for the purpose of paying bills, invoices, or accounts of such obligor, or acting as a prorater, nor shall any person, without direct compensation and not as an authorized agent for a utility company, accept money for the purpose of forwarding it to others in payment of utility bills, without first obtaining a license from the commissioner.

34. FDR is acting as a bill payer and/or prorater in the performance of its debt reduction services since it is receiving monies for acting as an agent of the consumer for the purpose of paying bills or accounts of that consumer. Indeed, FDR's own service agreement states plainly that the consumer acknowledges that FDR will be acting as the consumer's "Non-Exclusive Agent and Attorney-In-Fact …"

35. California Financial Code section 12314 provides as follows:

> The total charges received by a prorater, or any other person for the prorater's services, may not exceed in the aggregate twelve percent (12%) for the first three thousand dollars ($3,000), eleven percent (11%) for the next two thousand dollars ($2,000), and ten percent (10%) for any of the remaining payments distributed by a prorater to the creditors of a debtor, except for payments made on recurrent obligations. Recurring obligations shall be defined for the purpose of this section as follows: current rent payments, current utility payments, current telephone bills, current alimony payments, current monthly insurance premium payments, and payments made on obligations which are secured by a first mortgage or first deed of trust on real property.
>
> (a) Notwithstanding the provisions of Section 12315, upon compliance with the provisions of Sections 12315.1, and 12320, an origination fee of a sum not to exceed fifty dollars ($50) may be charged;
>
> (b) A fee not to exceed four dollars ($4) per disbursement on recurring obligations, consisting of current rent payments or obligations which are secured by a first mortgage or first trust deed on real property, may be charged.
>
> (c) A fee not to exceed one dollar ($1) on other recurring obligations. When a debtor has not canceled or defaulted on the performance of his contract with the prorater within 12 months after execution of the prorate contract, the prorater shall refund any origination fee charged to the debtor. At least once each month the prorater shall pay not less than 70 percent of all funds received from the debtor to the creditors of the debtor.

36. FDR violated California Financial Code section 12314 by charging more than $ 50 as a retainer fee, and by contracting to charge more than twelve percent (12%) for the first three thousand dollars ($3,000), eleven percent (11%) for the next two thousand dollars ($2,000), and ten percent (10%) for any of the remaining payments distributed.

37. California Financial Code section 12314.1 provides as follows:

> A cancellation fee or termination penalty may not be charged to a debtor.

38. FDR violated California Financial Code section 12314.1 by keeping plaintiffs' monies as a cancellation or termination fee.

39. In addition to providing debt reduction services, FDR also represents to consumers that it will "request that [the consumer's] creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount.'" FDR thus represents to consumers that it will attempt to alter the consumer's credit report as part of FDR's services.

40. The CROA, found at 15 U.S.C. § 1679, et. seq, prohibits a variety of false and misleading statements, as well as fraud by credit repair organizations (CROs). CROs may not receive payment before any promised service is "fully performed." Services must be under written contract, which must include a detailed description of the services and contract performance time. CROs must provide the consumer with a separate written disclosure statement describing the consumer's rights before entering into the contract. Consumers can sue to recover the greater of the amount paid or actual damages, punitive damages, costs, and attorney's fees for violations of the CROA.

41. As used in the CROA, a CRO under 15 U.S.C. § 1679a:

> (A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of--
>
> (i) improving any consumer's credit record, credit history, or credit rating; or

10

SECOND AMENDED CLASS ACTION COMPLAINT          CASE NO. 09-03156 SI

> (ii)  providing advice or assistance to any consumer with regard to any activity or service described in clause (i) …

42. FDR is a CRO because it represents to consumers that it will "request that [the consumer's] creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount.'"

43. Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by CROs, including:

> (a)(1)  make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to--
>
> (A)  any consumer reporting agency (as defined in section 603(f) of this Act);(7) or
>
> (B)  any person--
>
> (i)  who has extended credit to the consumer; or
>
> (ii)  to whom the consumer has applied or is applying for an extension of credit;
>
> …
>
> (b)  Payment in Advance.--No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.

44. In violation of the CROA, FDR collects its fee in advance of providing any services. FDR also violates the CROA by requesting that credit bureaus report the consumer's accounts as 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor has received less than full payment and would otherwise report a "charge off" of the remaining balance due or continue to show a sum owing. '

## VI.

## CLASS ALLEGATIONS

45. The relief sought in this complaint is the return of all monies Defendants collected from consumers nationwide in violation of California law and in violation of the CROA.

11

46. The persons for whose benefit this case is brought consists of thousands of individuals whose claims, except as to amount of restitution and/or damages, are otherwise identical, in that the amount of charges unlawfully collected by Defendants can be calculated by reference to the payments made by class members to Defendants. Therefore, the repetitive testimony of each class members at trial would be impracticable, unnecessary and an inefficient use of judicial resources. Moreover, the exhaustive list of consumers that have paid Defendants for debt reduction services is now within the exclusive possession and control of Defendants and is not now known to Plaintiffs, although the list may readily be obtained using statutory discovery procedures.

47. Plaintiffs seek certification of the following class of consumers: "ALL CONSUMERS NATIONWIDE WHO PAID DEFENDANTS FOR DEBT REDUCTION SERVICES DURING THE FOUR YEARS PRECEDING THE FILING OF THE COMPLAINT." Excluded from the Class are all Defendants and all agents, attorneys, and employees of Defendants; all members of the California judiciary sitting in judgment of this case; and, plaintiffs' attorneys and their employees; and, all other persons within three degrees of consanguinity of the named Defendants, attorneys, employees and judges.

48. There are questions of law and fact common to all class members which predominate over individual questions. The common questions include, *inter alia*, the following:

    (a) Whether FDR was properly licensed during the class period to act as a bill payer or prorater under California Financial Code section 12200;

    (b) Whether FDR charged retainer fees in excess of that permitted by California Financial Code section 12314;

    (c) Whether FDR charged service fees in excess of that permitted by California Financial Code section 12314;

    (d) Whether FDR charged cancellation fees in violation of California Financial Code section 12314.1;

    (e) Whether FDR violated the CROA by requiring the advance payment of fees; and

    (f) Whether FDR violated the CROA by representing that it will "request that [the

1   consumer's] creditors report to the credit rating bureaus that [the consumer's]

2   accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full

3   amount.'"

4   49.   There are no material differences in the substantive laws to be applied to the claims of the class members. California law and the CROA are appropriately applied to all claims pursuant to FDR's contract for services.

50.   The names and addresses of all class members entitled to restitution and/or damages are ascertainable from the records of FDR and can be obtained in discovery.

51.   The representative Plaintiffs were injured and lost money as a result of the acts of FDR, and will fairly and adequately protect the interests of the class and have retained counsel competent and experienced in similar class action litigations and other litigations on behalf of the general public.

52.   The conduct of FDR with respect to the collection of fees in violation of California Financial Code sections 12200, 12314 and 12314.1 as more particularly described above, as well as the violations of the CROA, are unlawful, unfair and deceptive business practices within the meaning of California Business and Professions Code Section 17200 et seq. prohibiting such practices. As a result of Defendants' unlawful, unfair and deceptive business practices, Defendants are liable to make restitution of such charges, including interest on the liquidated sum from the date of payment plus interest along with attorneys' fees and costs as determined by the Court. Plaintiffs will amend the Complaint at the time of trial to include additional consumers who are continuing to be subject to Defendants' unfair business practices until such time as the practice has been enjoined. Further, Plaintiffs reserve the right to supplement the restitution award after trial and until an injunction is issued to include additional persons who have been damaged by the unfair business practice of Defendants.

## VII.

## ATTORNEYS' FEES

53.   Upon prevailing, Plaintiffs are entitled to an award of attorneys' fees and costs in prosecuting this action against Defendants because:

(a) A successful outcome is this action will result in the enforcement of important rights affecting the public interest by maintaining the integrity of California institutions that offer debt reduction services nationwide;

(b) This action will result in a significant benefit by causing the return of monies paid to Defendants by consumers which monies should not have been charged or collected by Defendants, together with interest on those monies;

(c) This action will result in a significant benefit by preventing one of the largest debt reduction services in California from continuing to engage in unlawful, unfair or deceptive conduct from its offices in California;

(d) Unless this action is prosecuted, the general public will not recover those monies, and many members of the general public would not be aware that they were damaged by Defendants' wrongful practices; and,

(e) Unless the attorneys' fees and costs are awarded against Defendants, the general public will not be fully redressed.

54. Plaintiffs are also entitled to an award of attorneys' fees and costs under the CROA which provides for an award of such fees in any successful action brought by a consumer, pursuant to 15 U.S.C. § 1679g.

## VIII.
## FIRST CAUSE OF ACTION

(Unfair Competition – Business & Professionals Code Section 17200)

55. Plaintiffs incorporate by reference the all allegations set forth in the preceding paragraphs.

56. California Business and professions Code Section 17200 prohibits any "unlawful…business act or practice." Defendants engaged in unlawful acts or practices by, *inter alia*, charging Plaintiffs and other consumers fees in violation of California Financial Code sections 12200, 12314 and 12314.1, and by violating the CROA, all as more particularly described above.

57. California Business and Professions Code Section 17200 also prohibits any "fraudulent business act or practice." Members of the public were and are likely to be deceived

14

1  by Defendants' business practices because Defendants do not disclose that they are not licensed to act as a bill payer or prorater. Consumers are also likely to believe that Defendants may contractually charge their retainer fees and service fees, even though those fees exceed those permitted by law.

58. Business and Professions Code Section 17200 further prohibits any "unfair... business act or practice." As detailed in the preceding paragraphs, Defendants' scheme has caused and continues to cause injury to unsuspecting consumers. As a result, Defendants received an unfair competitive advantage through its practices in that Defendants are receiving more money than competitors who comply with California Financial Code sections 12200, 12314 and 12314.1. Moreover, by concealing the fact that it is not properly licensed and that it charges more than permitted by law, Defendants gain an unfair competitive advantage over other services who did not engage in the same deceptive conduct. As a result, Defendants engaged in unfair business practices prohibited by California Business & professions Code Section 17200, *et seq*.

59. As a result of Defendants' unlawful, deceptive or unfair acts and practices, Plaintiffs and members of the Class have been injured in amounts to be proven at trial, and Defendants must be ordered to reimburse these amounts to Plaintiffs and members of the Class.

60. Plaintiffs were personally victimized by Defendants' scheme and lost money as a result of the scheme. Plaintiffs have standing to bring this claim for violation of Business & Professions Code because, as set forth hereinabove, Plaintiffs (a) suffered injury in fact as a result of Defendants' conduct, (b) lost money as a result of Defendants' practice, and (c) complies with the requirements of section 382 of the Code of Civil Procedure.

## IX.

## SECOND CAUSE OF ACTION

(Violation of the CROA)

61. Plaintiffs incorporate by reference the all allegations set forth in the preceding paragraphs.

62. Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by CROs, including:

> (a)(1) make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to--
>
> (A) any consumer reporting agency (as defined in section 603(f) of this Act);(7) or
>
> (B) any person--
>
> (i) who has extended credit to the consumer; or
>
> (ii) to whom the consumer has applied or is applying for an extension of credit;
>
> …
>
> (b) Payment in Advance.--No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.

63. In violation of the CROA, Defendants collected fee in advance of providing any services. Defendants also violated the CROA by requesting that credit bureaus report the consumer's accounts as 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor received less than full payment and would otherwise report a "charge off" of the remaining balance due or continue to show a sum owing.

## X.

## THIRD CAUSE OF ACTION

(For Violations of the Consumers Legal Remedies Act, Cal.Civ.Code §§ 1750 *et seq*.)

64. Plaintiffs incorporate by reference the all allegations set forth in the preceding paragraphs.

65. Defendants are "persons" within the meaning of Civil Code §§ 1761(c) and 1770, and sell "services" within the meaning of Civil Code §§ 1761(b) and 1770.

66. Plaintiffs and the Class members are consumers within the meaning of Civil Code § 1761(d).

67. Plaintiffs' purchase of prorater services as sold by Defendants constitutes a

transaction within the meaning of Civil Code §§ 1761(e) and 1770.

68. Defendants' conduct violated and continues to violate the CLRA in at least the following respects:

  a. In violation of section 1770(a)(17) of the CLRA, Defendants inserted an unconscionable provision in a contract.

69. Defendants engaged in these unfair or deceptive acts and practices with the intent that they result, and which did result, in the sale of prorater services to Plaintiff and the Class.

70. As a result of Defendants' acts and practices as alleged in this Complaint, Plaintiffs seeks an Order enjoining Defendants from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by law. More than 30 days prior to the filing of this Amended Complaint plaintiffs provided notice to Defendants pursuant to Civil Code § 1782(a). Despite receiving this letter, defendants have refused to refund amounts collected from the Class or cease its unlawful business practices. As such, the Class is entitled to damages under the CLRA .

71. The conduct of the defendants as alleged herein was fraudulent, oppressive, and done with the intent to harm plaintiff and members of the Class. As such, plaintiff and the Class are entitled to an award of punitive damages.

## XI.

### FOURTH CLAIM FOR RELIEF

(Negligence)

72. Plaintiffs incorporate by reference the all allegations set forth in the preceding paragraphs.

73. Defendants had a duty to contact creditors of the plaintiff and the Class within 5 days of the execution of the defendants' debt reduction agreement and to advise creditors of the minimum monthly payment that the plaintiff intended to pay. (Ca Fin. Code Section 12315.1.)

74. Plaintiff is informed and believes and, therefore, alleges that defendants breached this duty with respect to plaintiffs and the Class by customarily and regularly failing to contact creditors in a timely fashion.

75. As a result of this breach of duty, plaintiff and the Class have been damaged in amount to be proven at trial.

**PRAYER**

WHEREFORE, Plaintiffs' and the other members of the Class request judgment against Defendants and each of them as follows:

<u>On the first cause of action</u>

1. For restitution and/or disgorgement of all monies collected by defendants in violation of law for the Class and the Plaintiffs, according to proof;

2. For interest at the legal rate of interest on the foregoing sum;

3. For an order declaring the practices of defendants constitute a violation of B&P Code section 17200;

<u>On the second cause of action</u>

4. For actual damages, constituting all monies collected by defendants in violation of the CROA for the Class and the Plaintiffs, according to proof, under 15 U.S.C. § 1679g;

5. For punitive damages under 15 U.S.C. § 1679g;

<u>On the third cause of action</u>

6. For actual damages according to proof;

7. For interest at the legal rate of interest on the foregoing sum;

8. For an order declaring the practices of defendants constitute a violation of the CLRA;

9. For punitive damages;

<u>On the fourth cause of action</u>

10. For actual damages according to proof;

11. For interest at the legal rate of interest on the foregoing sum;

<u>On all causes of action</u>

12. For costs of suit herein incurred;

13. For reasonable attorneys' fees allowed by law; and

14. For such other further relief as the Court deems just and proper.

Dated: December 10, 2009.                    KERSHAW, CUTTER & RATINOFF LLP


                                             By:  */s/ Stuart C. Talley*
                                                     Stuart C. Talley

                                             CLARK & MARKHAM LLP
                                             David R. Markham
                                             R. Craig Clark
                                             James M. Treglio
                                             600 "B" Street, Suite 2130
                                             San Diego, CA 92101
                                             Telephone: (619) 239-1321
                                             Facsimile:  (619) 239-5888

                                             LAW OFFICES OF BARRON E. RAMOS
                                             Attorney at Law, A Professional Corporation
                                             Barron E. Ramos
                                             132 N. El Camino Real, # 303
                                             Encinitas, CA  92024
                                             Telephone: (858) 461-0500
                                             Facsimile:  (760) 994-1354

                                             CHARLES E. AMES, P.C.
                                             Charles E. Ames (Pro Hac Vice)
                                             2712 Timberleaf Drive
                                             Carrollton, TX  75006-2103
                                             Telephone:  (214) 390-8111
                                             Facsimile:  (214) 390-8112

                                             THE CROSLEY LAW FIRM, P.C.
                                             Thomas A. Crosley (Pro Hac Vice)
                                             McCombs Plaza, Suite 250
                                             755 E. Mulberry
                                             San Antonio, TX  78212
                                             Telephone:  (210) 354-4500
                                             Facsimile:  (210) 354-4034

                                             WEXLER WALLACE LLP
                                             Mark J. Tamblyn
                                             455 Capitol Mall, Suite 231
                                             Sacramento, California 95814
                                             Telephone:  (916) 568-1100
                                             Facsimile:  (916) 568-7890

                                             Attorneys For The Plaintiffs

**DEMAND FOR JURY TRIAL**

    PLAINTIFFS demand a jury trial on issues triable to a jury.

Dated: December 10, 2009.          KERSHAW, CUTTER & RATINOFF LLP


By:   */s/ Stuart C. Talley*
       Stuart C. Talley

CLARK & MARKHAM LLP
David R. Markham
R. Craig Clark
James M. Treglio
600 "B" Street, Suite 2130
San Diego, CA 92101
Telephone: (619) 239-1321
Facsimile:  (619) 239-5888

LAW OFFICES OF BARRON E. RAMOS
Attorney at Law, A Professional Corporation
Barron E. Ramos
132 N. El Camino Real, # 303
Encinitas, CA  92024
Telephone: (858) 461-0500
Facsimile:  (760) 994-1354

CHARLES E. AMES, P.C.
Charles E. Ames (Pro Hac Vice)
2712 Timberleaf Drive
Carrollton, TX  75006-2103
Telephone:  (214) 390-8111
Facsimile:  (214) 390-8112

THE CROSLEY LAW FIRM, P.C.
Thomas A. Crosley (Pro Hac Vice)
McCombs Plaza, Suite 250
755 E. Mulberry
San Antonio, TX  78212
Telephone:  (210) 354-4500
Facsimile:  (210) 354-4034

WEXLER WALLACE LLP
Mark J. Tamblyn
455 Capitol Mall, Suite 231
Sacramento, California 95814
Telephone:  (916) 568-1100
Facsimile:  (916) 568-7890

Attorneys For The Plaintiffs