IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIDEE ESTRELLA, an individual, and ANGELICA ARITA, an individual, on behalf of themselves and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM FINANCIAL NETWORK, LLC; FREEDOM DEBT RELIEF, INC.; FREEDOM DEBT RELIEF, LLC; GLOBAL CLIENT SOLUTIONS, LLC; ROCKY MOUNTAIN BANK AND TRUST; ANDREW HOUSSER; and BRADFORD STROH<br><br>Defendants.<br>_____/ | No. CV 09-03156 SI<br><br>**ORDER GRANTING PLAINTIFFS LEAVE TO AMEND** |

On September 30, 2011, the Court held a hearing on plaintiffs' motion to lift the stay and obtain leave to amend their complaint. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiffs leave to amend.

**BACKGROUND**

The subject of the lawsuit is the debt reduction program offered by defendant Freedom Debt Relief, Inc. ("FDR"), Freedom Financial Network, LLC, Freedom Debt Relief, LLC, Global Client Solutions, LLC ("GCS"), Rocky Mountain Bank & Trust ("RMBT") and FDR's Chief Executive Officers Andrew Housser and Bradford Stroh. The operative version of plaintiffs' complaint is the Second Amended Complaint ("SAC"), filed on January 6, 2010 by named plaintiffs Haidee Estrella

("Estrella") and Angelica Arita ("Arita") on behalf of themselves and "all consumers nationwide who paid defendants for debt reduction services during the four years preceding the filing of the complaint." SAC ¶ 13. The complaint alleges four causes of action: (1) unfair competition in violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200; (2) violation of the federal Credit Repair Organization Act (CROA), 15 U.S.C. § 1679b; (3) violation of California's Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750 et seq.; and (4) negligence in violating California's "prorater" statute, Cal. Fin. Code § 12315.1. SAC ¶¶ 55-75.

Estrella and Arita's contracts, signed with FDR in 2008, included an arbitration clause with a class action waiver. Order Granting Defs.' Mot. to Compel Arbitration at 3. On July 5, 2011, the Court granted the defendants' motion to compel arbitration of the plaintiffs' UCL, CLRA, and negligence claims and stayed the action on the plaintiffs' CROA claim pending the outcome in *CompuCredit Corp. v. Greenwood*, - S. Ct. -, 2011 WL 220683.[1]

Following the Court's July 5th order compelling arbitration, plaintiffs discovered that contracts signed by class members who enrolled with FDR between 2004 and 2007 did not include a class action waiver in the arbitration clause. Pls.' Mot. to Amend at 2. Two such plaintiffs are Dale Mays ("Mays") and Beverly Hall ("Hall"). *Id.* Plaintiffs seek leave to amend their complaint in order to add Mays and Hall as class representatives. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The burden of persuading the Court that leave should not be granted rests with the non-moving party. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Leave to amend should be freely given unless the opposing party makes a showing of

---

[1] On May 2, 2011, the Supreme Court granted certiorari in the matter of *CompuCredit Corp. v. Greenwood*, - S. Ct. -, 2011 WL 220683, to decide whether CROA claims are arbitrable and to resolve a split in the Circuits on this issue. Order Granting Mot. to Compel Arbitration at 8.

undue delay, bad faith or dilatory motive, futility of amendment, or prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988).

**DISCUSSION**

Plaintiffs argue that amendment is appropriate because Estrella and Arita no longer adequately represent class members whose contracts do not include class action waivers. Pls.' Mot. to Amend at 5-7. Defendants contend that the Federal Arbitration Act ("FAA") imposes a mandatory stay of proceedings pending arbitration. Defs.' Opp'n to Pls.' Motion to Amend at 5. In addition, defendants argue that plaintiffs' motion should be dismissed as futile and prejudicial because Mays and Hall's claims are subject to arbitration. *Id.* at 7.

The Court finds that defendants have not met their burden of establishing futility or prejudice. Regardless of whether the contracts signed by Mays and Hall require arbitration, plaintiffs have an interest in amending their complaint so that the representatives accurately reflect the class bringing suit. The terms of the arbitration agreements signed by Mays and Hall differ from those signed by Estrella and Arita, and the plaintiffs should be allowed to amend their complaint to ensure complete class representation. With respect to defendants' argument regarding the mandatory stay imposed by the FAA, it is within the Court's discretion to allow plaintiffs to submit an amended complaint since the submission of this amended complaint will not affect the pending arbitration of Estrella and Arita's claims.

///

3

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs leave to amend. This order is without prejudice to the defendants' right to move to compel the claims of Mays and Hall to arbitration. This order does not affect the Court's prior order of July 5th granting defendants' motion to compel the claims of Estrella and Arita to arbitration. Plaintiffs are ordered to file an amended complaint on or before October 7, 2011. Docket No. 209.

**IT IS SO ORDERED.**

Dated: October 3 , 2011

SUSAN ILLSTON
United States District Judge