1
2
3
4
5            IN THE UNITED STATES DISTRICT COURT
6           FOR THE NORTHERN DISTRICT OF CALIFORNIA
7

8   HAIDEE ESTRELLA, an individual, and          No. CV 09-03156 SI
    ANGELICA ARITA, an individual, on behalf of
9   themselves and others similarly situated     **ORDER GRANTING FINAL APPROVAL**
                                                  **OF CLASS ACTION SETTLEMENT AND**
10              Plaintiffs,                       **PLAINTIFFS' MOTION FOR**
                                                  **ATTORNEYS' FEES, EXPENSES AND**
11     v.                                         **INCENTIVE AWARDS**

12  FREEDOM FINANCIAL NETWORK, LLC;
    FREEDOM DEBT RELIEF, INC.; FREEDOM
13  DEBT RELIEF, LLC; GLOBAL CLIENT
    SOLUTIONS, LLC; ROCKY MOUNTAIN
14  BANK AND TRUST; ANDREW HOUSSER;
    and BRADFORD STROH
15
                Defendants.
16  _____/

17
18         On September 28, 2012, the Court held a hearing on plaintiffs' motion for final approval of the

19  class action settlement, as well as plaintiffs' motion for award of attorneys' fees and expenses and

20  incentive awards.  For the following reasons, the Court GRANTS final approval to the settlement and

    GRANTS plaintiffs' motion for attorneys' fees and expenses and incentive awards.
21

22
                                    **BACKGROUND**
23
           Plaintiffs initiated this case in Orange County, California Superior Court on December 29, 2008.
24
    Thereafter, the defending parties removed this case to the Central District of California based on federal
25
    question and supplemental jurisdiction, 28 U.S.C. §§ 1331 & 1367(a).  On July 9, 2009 the case was
26
    transferred to the Northern District pursuant to 28 U.S.C. § 1404(a). Plaintiffs' complaint sought redress
27
    from all defendants on behalf of themselves and all consumers nationwide who paid defendants
28

United States District Court
For the Northern District of California

Freedom Financial Network, LLC, Freedom Debt Relief, Inc., and Freedom Debt Relief, LLC ("Freedom Defendants") for debt settlement services during the four years preceding the filing of the initial complaint. Plaintiffs asserted four separate claims against defendants based upon alleged violations of federal and California state law: Count One, California Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200 et seq.; Count Two, Credit Repair Organization Act, 15 U.S.C. § 1679 et seq.; Count Three, California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.; and Count Four, common law negligence purportedly based on a statutory duty owed to plaintiffs to "contact creditors" under Cal. Fin. Code § 12315.1.

On June 2, 2010 the Court certified a class defined as follows: "All consumers nationwide who paid [the Freedom Defendants] for debt reduction services during the four years proceeding filing of the complaint, who opened a [special purpose account] with [Rocky Mountain Bank & Trust] and [Global Client Solutions, LLC], and did not receive a full refund of fees from [the Freedom Defendants]." On October 25, 2010, this class definition was amended to exclude residents of the state of Washington. After class certification, both parties filed motions for summary judgment, which the Court denied on March 14, 2011.

After the United States Supreme Court issued its decision in *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011) in April 2011, the Freedom Defendants filed a motion to compel arbitration of named plaintiffs, which the Court granted on July 5, 2012. On October 3, 2011, the Court granted plaintiffs' motion to amend the complaint in order to add two new class representatives. Thereafter the Freedom Defendants moved to compel arbitration with respect to the new plaintiffs and to decertify the class.

After several settlement conferences, on December 6, 2011, plaintiffs filed a motion for preliminary approval of a class action settlement between plaintiffs and two of the defendants in this case: Global Client Solution, LLC ("GCS") and Rocky Mountain Bank & Trust ("RMBT"). Dkt. 239. According to the agreement ("RMBT Settlement"), GCS and RMBT would pay the class $500,000 as a full and final settlement between the parties, to be deposited into a settlement fund, and pursuant to Court approval, fees, costs, and administrative expense to be paid from that fund. What remained in the fund would then be added to any amounts received from the remaining defendants ("Freedom

Defendants") by settlement or judgment and then distributed to the class pursuant to a process approved by the Court.   Alternatively, if no settlement or judgment could be obtained from the Freedom Defendants, any amounts remaining in the settlement fund would be distributed to Cy Pres.

On January 24, 2012, the Court granted Freedom Defendants' motion to compel arbitration and decertify the class.  The Court also granted preliminary approval of the RMBT Settlement with respect to the amount being paid by RMBT and GCS.  However, the Court requested additional briefing on how the settlement funds would be distributed.  Before the parties could address those issues, the Freedom Defendants and plaintiffs agreed to a class action settlement on February 14, 2012, and plaintiffs filed a motion for preliminary approval of class action settlement on May 9, 2012.  Dk. 269.    Under the terms of Class Settlement, as defined in the Stipulation of Settlement (Dkt. 269-1), the Freedom Defendants agreed to pay $1,400,000 to resolve claims against them, in addition to the $500,000 RMBT and GCS had previously agreed to in order to settle the claims against them. The Settlement Class encompasses all persons nationwide who: (i) were customers of any of the Freedom Defendants; (ii) opened a special purpose account or similar account with RMBT (or another bank) administered by GCS; (iii) paid fees to any of the Freedom Defendants for debt reduction services at any time from December 28, 2004 through the date of the Judgment; and (iv) did not receive a full refund of fees paid to the Freedom Defendants.  Excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class and those Persons who were residents of the state of Washington at the time they signed agreements for debt reduction services with any of the Freedom Defendants.    Also under the Class Settlement, all administration costs, costs of suit, and attorneys fees would be paid from the Settlement Fund.  What remains in the Fund would be disbursed to Class Members who submit a claim and will be apportioned to the Class pro rata, based on the amount of net fees (fees net of refunds) paid by each respective claimant to the Freedom Defendants for debt settlement services.

In exchange for the relief described above, the Freedom Defendants and each of their related and affiliated entities would receive a full release of all claims which have been made or could have been made herein based upon or arising from the facts recited herein ("Released Claims" as defined in ¶ 1.24 of the Stipulation of Settlement).

On May 24, 2012, this Court preliminarily approved the Class Settlement.  On June 25, 2012, notice of the settlement was disseminated to the Class.  As of the filing of the instant motions, 5,102 Class members have submitted claims for reimbursement from the Settlement Fund.  Under the apportionment plan, it is expected that the average class member will receive approximately $185 from the Settlement Fund after the payment of administration expenses, attorneys fees, and costs.

**DISCUSSION**

Now before the Court is plaintiffs' motion for final approval of the class settlement, and plaintiffs' motion for attorneys' fees, expenses and incentive payment.  The Court finds that defendant provided notice consistent with the Court's preliminary approval order, and that notice satisfied due process and Federal Rule of Civil Procedure 23(e).  The Claims Administrator disseminated comprehensive and targeted notice to approximately 87,912 class members and also posted the relevant material on the settlement website.  *See* Thompson Decl. (Dkt. 284-2).  The notice (1) fully and accurately informed class members about the lawsuit and settlement, (2) provided sufficient information so that class members were able to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement, (3) provided procedures for class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement, and (4) provided the time, date and place of the final fairness hearing.

The Court also finds that the Class Settlement is fair, reasonable and adequate.  The Court, pursuant to *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011), has examined the settlement for collusion and finds that the settlement appears to be the product of serious, informed, non-collusive negotiations.  The Stipulation of Settlement was negotiated at arms-length by experienced counsel who did not put their interests ahead of the class, as shown by, *inter alia*, the declaration of Stuart C. Talley, attorney for the plaintiffs and class, attesting to the non-collusive nature of the negotiations and the fact that the parties continued to prepare for trial as they negotiated the settlement.  Talley Decl. ¶ 9 (Dkt. 284-1).

The Court also finds that the Class Settlement provides the class a similar, perhaps even better, recovery than that which it could have achieved if plaintiffs were successful on the merits.  Because the

1   class has been decertified, each class member would be required to litigate his or her case individually

2   in binding arbitration if this settlement is not approved.  *See* Dkt. 257 ("Order Granting Motion to

3   Compel and Decertify the Class; Granting Preliminary Approval of Settlement.")  The amount each

4   would be seeking will typically be less than $3,000 and there would be filing fees and other

5   administrative expenses associated with AAA arbitration.  Talley Decl. ¶ 11.  Given this expense

6   relative to the amount at stake, it is doubtful that any class member would be able to retain an attorney

7   to aid them in this process.  *Id.*  Thus, if the settlement is not approved, it is unlikely that many – or

8   perhaps any -- class members will ever establish liability against the defendants. By contrast, approval

9   of the settlement will actually guarantee class members' some financial recovery.  On average, class

10  members will receive $185 (Talley Decl. ¶ 10), which is better than the alternative – recovering nothing

11  in uncertain arbitration.

12      The Court has considered the documents styled as objections submitted by Mr. Millette and Ms.

13  Carey.  Dkts. 282, 283.  The parties have stipulated that both objectors will be permitted to opt out

14  (Dkts. 285, 286).  Therefore, the Court need not address these objections.

15      As such, the Court finds the settlement appropriate for final approval under Federal Rule of Civil

16  Procedure 23(e).

17      Plaintiffs' counsel seeks an award of $633,333 for attorneys' fees and expenses (one-third of the

18  $1.9 million settlement fund).  The Court has reviewed plaintiff's motion and supporting declarations,

19  and finds that the requested amounts are reasonable under the circumstances of this case, the risk

20  involved in the litigation, and the exceptional result achieved for the class in the settlement.  *See*

21  *generally Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  Class counsel worked

22  2991.5 hours for a lodestar of $2,105,895.  Dkt. 278 at 2.  But class counsel seeks a *negative* multiple

23  of .30, in requesting far less fees than it worked.  Moreover, 33% of the settlement fund is reasonable

24  in light of the prevailing fees that have been awarded in similar cases.  Markham Decl. ¶ 25(Dkt. 278-1).

25  Plaintiffs' counsel also seeks an incentive payment of $3,000 each for plaintiffs Estrella and Artia, and

26  $1000 each for plaintiffs Hall and Mays.  The Court finds that this amount is fair and reasonable in light

27  of plaintiffs' risks in commencing this action as the class representatives and the time and effort spent

28  by plaintiffs in litigating this action.  *See* Markham Decl.  ¶ 13, 28.

**United States District Court**
For the Northern District of California

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. <u>Settlement class members</u>.  As was preliminarily approved by this Court, it is affirmed that the class members are defined as all persons nationwide who: (i) were customers of any of the Freedom Defendants; (ii) opened a special purpose account or similar account with RMBT (or another bank) administered by GCS; (iii) paid fees to any of the Freedom Defendants for debt reduction services at any time from December 28, 2004 through the date of the Judgment; and (iv) did not receive a full refund of fees paid to the Freedom Defendants.  Excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class and those Persons who were residents of the state of Washington at the time they signed agreements for debt reduction services with any of the Freedom Defendants.  Additionally, the Settlement Class includes individuals who signed up with the Freedom Defendants and GCS after June 2, 2010 (the date of the prior class certification order).

2. <u>Binding effect of order</u>.  This Order applies to all claims or causes of action settled under the Class Settlement, and binds all Class Members including those who did not properly request exclusion under the Preliminary Approval of Class Settlement and Class Certification Order.  This order does not bind persons who filed timely and valid requests for exclusion.

3. <u>Release</u>.  Plaintiffs and all Settlement Class members who did not properly request exclusion are: (1) deemed to have released and discharged defendants from all liability as defined in the Class Settlement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the settled claims.

4. <u>Attorneys' fees and costs</u>.  Class counsel are awarded $633,333 to be paid from the Settlement Fund.

5. <u>Incentive award</u>.  Plaintiffs Estrella and Artia are awarded $3,000 each as an incentive award, and plaintiffs Hall and May are awarded $1000 each as an incentive award.  Incentive awards are to be paid from the Settlement Fund.

6. <u>Court's jurisdiction</u>.  Pursuant to the Class Settlement, "final" means when the last of the following with respect to the Final Order and Judgment Approving Class Settlement shall occur: (1) the expiration of time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure

59(e) has passed without any such motion having been filed; (2) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following entry of the Judgment, unless the date to take such an appeal has been extended by Court order or otherwise; and (3) if such motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal, or otherwise, and in such a manner as to permit the consummation of the Class Settlement substantially in accordance with the terms and conditions of the Stipulation of Settlement. An "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of the Class Settlement but shall not include any appeal that concerns the issues of attorneys' fees, reimbursement of costs or stipends to the Class Plaintiffs.

**IT IS SO ORDERED.**

Dated: October 1, 2011

SUSAN ILLSTON
United States District Judge